KAPNER, Associate Judge.
Appellee (defendant below), along with a co-defendant, was arrested on January 29, 1977, and charged with delivery of cocaine and carrying a concealed weapon. On April 1, 1977, an information charging these offenses was filed and trial was scheduled for June 2, 1977.
On May 26, 1977, a hearing was held on defendant’s motion for discovery. At that hearing, the case was continued to July 25, 1977, which was within the 180 day period mandated by Rule 3.191(a)(1), Fla.Rules of Criminal Procedure.
Prior to the trial date, appellee’s co-defendant hired new counsel who filed a motion to continue and to sever. The court granted his motion to continue but denied his motion to sever. On the court’s own motion, the court continued appellee’s case, along with that of the co-defendant.
Subsequently, on August 12th, the State notified appellee (but not the co-defendant) that the trial against the appellee would commence on August 25, 1977. Appellee moved to strike the case from the trial docket, and he also moved for discharge. The court granted his motion to strike, but denied his motion for discharge. The practical effect of granting appellee’s motion to strike was to continue the case from the August 25th date.
The next trial date was set for September 22, 1977, but was continued at the State’s request and reset for November 7, 1977. On October 24, 1977, defendant filed a motion for discharge and this motion was granted on the grounds that the defendant’s right to a speedy trial was denied.
The issue before this Court is whether the trial court erred in concluding that appellee did not waive his right to a speedy trial.
The proceedings on May 26, 1977 before the trial court were as follows:
“THE COURT: All right, file a motion for disclosure then.
MR. BASS (DEFENSE COUNSEL): I think what we are going to have to do, if we can work out a negotiated plea, then (sic) that would be fine. If not, we will probably ask for a continuance of the case to take some further discovery and things like that.
THE COURT: Is this the first time it has been up now?
MR. BASS: Yes.
MR. GOLDSTEIN (ASSISTANT STATE ATTORNEY): Yes, I think it is up—
MR. BASS: A week from today.
THE COURT: All right.
MR. GOLDSTEIN: No objection.
THE COURT: All right, we will continue it then.” (Emphasis added.)
It seems clear that although appellee did not explicitly move for a continuance, the court and the State took his (appellee’s) reference to “possibly” asking for a continuance as a specific request to continue the case. Had defendant objected at the time it may well have been that the court would not have continued the case but, by remaining silent, appellee in effect acquiesced in the understanding of all the parties that appellee was seeking a continuance.
Additionally, appellee’s motion to strike, filed August 28, 1977, must be categorized as a motion for continuance since it had the inevitable effect of continuing the case.
Thus, the defendant twice moved to continue the case, thereby waiving his right to a trial within the 180 day period (Rule 3.191(a)(1), Fla.Rules of Criminal Procedure). State v. Kurtz, 354 So.2d 890, (4th *920 DCA 1978); State v. Abrams, 350 So.2d 1104 (4th DCA 1977). The only remaining ground for discharge would be an unreasonable and prejudicial delay pursuant to Rule 3.191(d)(2), Fla.Rules of Criminal Procedure. Such a delay has not been shown in this case.
The purpose of the speedy trial rule is to require the State to bring a defendant to trial within a specified or reasonable time. Such a rule presupposes a defendant who wishes to be tried within that time period. Where, as here, a defendant has twice requested that his case be tried at a time subsequent to the scheduled date, he should not then be heard to complain that the delay has been unreasonable and prejudicial.
For these reasons we conclude that appel-lee waived his right to a speedy trial and the court erred in discharging him. Accordingly, this case is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LETTS and BERANEK, JJ., concur.