LETTS, Judge.
The State appeals an order of discharge entered because of the passage of 90 days after a defense granted continuance with no specific waiver of speedy trial. We reverse.
The waters in this area are muddy indeed and we have already partially certified the question now before us to the Supreme Court. See Fluellen v. Butterworth, 372 So.2d 943 (Fla. 4th DCA 1979).
With the utmost of respect we would repeat our apprehensions voiced in State v. Reese, 359 So.2d 33 (Fla. 4th DCA 1978) to the effect that the Supreme Court ruling in Negron v. State, 306 So.2d 104 (Fla.1975) is based on an inapplicable construction of Rule 3:191(d)(3) of the Florida Rules of Criminal Procedure.
In the meantime, in State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978) cert. den. 360 So.2d 1249 (Fla.1978) this court held that when a defendant “files a motion for [a] continuance of his trial and the motion is granted, then the Speedy Trial Rule no longer applies except to the limited extent of Rule 3.191(d)(3).” If this ruling in Kurtz is correct, it means that a defense motion for a continuance operates in and of itself as a specific waiver of speedy trial. As a consequence if the Supreme Court ruling in Coppola v. State, 337 So.2d 779 (Fla.1976) is still the law, then there was no requirement for the defendant to be brought to trial within 90 days. See also Humphrey v. State, 369 So.2d 1032 (Fla. 4th DCA 1979) and. State v. Duda, 368 So.2d 918 (Fla. 4th DCA 1979).
*1302 It is therefore our conclusion that this cause must be reversed and the appellant brought to trial.
REVERSED AND REMANDED.
ANSTEAD and HERSEY, JJ., concur.