500 So.2d 588 (1986)
Ashley Downing GEORGE, Petitioner,
v.
Honorable Thomas T. TRETTIS, Respondent.
No. 86-2779.
District Court of Appeal of Florida, Second District.
December 10, 1986.
Rehearing Denied January 14, 1987.
Ralph Elver of Luckey, Elver & Sloan, LaBelle, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, Robert J. Krauss, Asst. Atty. Gen., Tampa, and Jerry M. Nelson, Asst. State Atty., LaBelle, for respondent.
PER CURIAM.
Ashley George has petitioned this court for a writ of prohibition barring respondent from proceeding with trial on felony charges in violation of Florida Rule of Criminal Procedure 3.191.
George furnishes us with the following chronology, all adequately documented. He was arrested January 30, 1986, arraigned on March 3, 1986, and the case was set for "docket control purposes" on April 8. Prior to that date, on March 21, 1986, the docket was sounded and there was some discussion of pending defense motions including one to require the state to comply *589 with discovery requests. That motion was granted. On April 4, 1986, George's attorney stated he "would like to go to trial" but complained that the state had not sufficiently satisfied its discovery obligations. The April 8 appearance apparently never took place. Instead, on May 2, 1986, defense counsel lodged another complaint against what he considered tardy compliance with the discovery rule. The court decided to "continue it" but added, "It's the state's problem." The "problem" apparently went unresolved through May 23. Here the state noted that trial was set in ten days and offered to furnish the desired information prior to that date. Calling this proposal "unreasonable", defense counsel suggested a continuance chargeable to the state and maintained that he had no intention of waiving his client's right to a speedy trial. At the same hearing, by mutual consent, the presiding judge withdrew from the case. The state asked that speedy trial be "tolled" until a new judge could be reassigned. George did not object. Respondent was assigned to the case June 2, 1986. For some reason the case continued to appear on the docket of the first judge. On August 29, 1986, defense counsel stated he had just received "additional discovery," which he accused the state of having withheld. On September 26, 1986, counsel charged that the state had twice furnished an incorrect address for a witness, and he added that he had been continuously ready to try the case but for these alleged omissions. The motion for discharge was filed on or about October 3, 1986, heard October 8, and denied by an order filed October 21, 1986. Neither at the hearing nor in the motion did the respondent make specific findings as required by Florida Rule of Criminal Procedure 3.191(i)(4). Trial was not held as of October 30, when George filed this petition.
Although it is true, as the respondent contends, that a defense continuance usually constitutes a waiver of the defendant's right to trial within the speedy trial period, State v. Vukojevich, 392 So.2d 297 (Fla. 2d DCA 1980), we cannot agree with the suggestion that this case involves one or more defense requests for continuance. The record supports the conclusion of the original judge that any problems with preparation of this case are largely of the state's making. Discovery must be furnished within sufficient time to permit the defendant to make use of it without having to forfeit his right to a speedy trial, and when discovery is not promptly furnished, the court may continue a case at the state's expense beyond the speedy trial limits even if such continuance effectively results in the discharge of the defendant. State v. Williams, 497 So.2d 730 (consolidated) (Fla. 2d DCA 1986). State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984). We find nothing in the documents furnished by the state to indicate that George was in any way to blame for his inability to complete discovery in timely fashion or that defense counsel misled the court about the alleged discovery problems. Any delay caused by the subsequent reassignment of the case to respondent was minimal at best, and the fact that George's counsel did not object to "tolling" speedy trial until the reassignment cannot be construed as acquiescence to a trial date beyond the speedy trial period. Moreover, neither the reassignment nor the controversy surrounding discovery was cited as "exceptional circumstances" justifying denial of the motion, as required by the rule. Accordingly, the trial court was obligated to schedule trial within ten days of the hearing on the motion for discharge. Its failure to do so requires that George be discharged. Apolinari v. Ulmer, 483 So.2d 75 (Fla. 2d DCA), petition for review denied, 492 So.2d 1335 (Fla. 1985).
We grant the petition for writ of prohibition.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.