HARRIS, Judge.
Peggy Miller was arrested on March 4[1] for grand theft of equipment valued at $140,-000 from Puppet Masters, Inc. She was arraigned on September 19.[2] On October 5, *856 her attorney filed a Notice of Appearance, entered a plea of not guilty and served a Notice of Discovery. The next day, he filed a Notice of Expiration of Speedy Trial. Apparently without holding the five-day hearing under Florida Rule of Criminal Procedure 3.191(p)(3), the court merely set the trial within the 15 days contemplated by the rule. See Climpson v. State, 528 So.2d 1296 (Fla. 1st DCA, 1988).
On the day of trial when the prosecution, timely under Florida Rule of Criminal Procedure 3.220, delivered the discovery material to Miller, the court, upon motion by Miller, continued the trial and charged the continuance to the State. This had the effect of dismissing the action against Miller and freeing her from the charge.
The trial court held that although the State’s compliance was timely under the rule, nevertheless, because it was produced on the day scheduled for trial, it caused Miller to have to choose between being prepared for trial and her right to a speedy trial.
The fallacy in this reasoning is that it ignores the fact that the two rules (the speedy trial rule and the discovery rule) are entirely separate and are intended to serve two distinct purposes. The speedy trial rule merely limits the time in which the State may bring a defendant to trial. It does not provide or require discovery. Since a criminal defendant has no constitutional right to discover the State’s case prior to trial, he or she must rely on the provisions of the discovery rule if discovery is desired. But that rule, as do most, has two edges. If one invokes the beneficial aspects of the rule, he or she must be prepared to face the provisions of the rule favoring the other party. In this case, the State, unless the court shortens the period, has fifteen days to respond to discovery. The defendant should take this portion of the discovery rule into consideration when deciding whether to force a speedy trial. There is nothing to prevent the defendant from going to trial without discovery. That was the norm in Florida before the enactment of the discovery rule.
Miller’s dilemma was caused not because the State exercised its right to rely on the time provisions of the rule, but because she delayed seeking discovery until the eve of trial. The filing of the Notice of Expiration of Speedy Trial put in motion the scheduling of a trial within fifteen days. To file this notice before the defendant was ready for trial was contrary to the purpose of the “Florida Rule of Criminal Procedure 3.191 [which] is designed to ensure that an accused cannot control the court’s docket by filing spurious demands for a speedy trial for which the accused is not prepared.” Landry v. State, 666 So.2d 121 (Fla.1995).
Suppose, for example, the court had set the five-day hearing on the first day and scheduled the trial for the second day following the Notice of Expiration of Speedy Trial, a schedule permitted under the rule. Would the court still be justified in granting the continuance at the State’s expense because it could not comply with a discovery demand filed only two days earlier? And even if the State Attorney in our case had turned over the discovery information immediately, because of the volume of discovery, would the defendant’s right to elect speedy trial be violated because proper preparation would not have been possible within fifteen days?
It is inappropriate to penalize the State for not voluntarily waiving its right under rule 3.220(b) to the fifteen days for compliance. Miller did not move for, nor did the court order, a shortening of the compliance period as authorized by rule 3.220(k).
We acknowledge conflict with Banks v. State, — So.2d -, 20 Fla.L.Weekly D2097, 2098 [1995 WL 539010] (Fla. 4th DCA, Sept. 13, 1995), which held:
It is true that the State’s response was within the time allowance of rule 3.220(b)(1), but we do not agree that the time allowances of that rule ineluctably control whether the failure to hold trial is attributable to a defendant. As one court held:
The record supports the conclusion of the original judge that any problems with preparation of this case are largely *857 of the State’s making. Discovery must be furnished with sufficient time to permit the defendant to make use of it without having to forfeit his right to a speedy trial, and when discovery is not promptly furnished, the court may continue a ease at the State’s expense beyond the speedy trial limits even if such continuance effectively results in the discharge of the defendant. State v. Williams, 497 So.2d 730 (consolidated) (Fla. 2d DCA 1986). State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984).
George v. Trettis, 500 So.2d 588, 589 (Fla. 2d DCA 1986).
But Trettis involved a violation of the discovery rule. In fact, the Trettis trial court had previously had to order the State to comply with the discovery request. A finding in Trettis, therefore, that the defendant was delayed in his preparation by the conduct of the State was most appropriate. But to hold that Trettis is authority for granting a continuance charged to the State when there has been no discovery violation is taking its holding out of context. Trettis primarily relied on State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla.1984).
Del Gandió also involved a case in which the State had failed to comply with the discovery rule but where such non-compliance had not adversely affected the defendant.
We emphasize that the case before us is one in which the discovery information and material have been made available to the defendant, albeit late, and they have not been prejudiced in the preparation of their defense ... But in the absence of prejudice the reasons for the delay are not relevant for the purpose of imposing sanctions provided for in Rule 3.220(j)(l). [This is now Rule 3.220(n)(l)J
Del Gaudio, 445 So.2d at 610.
It is in this context that one must read the Del Gandió court’s later statement:
When material discovery is furnished at a time which will not enable the defendant to make use of it in the preparation of his defense before the expiration of the speedy trial time limits, the court may properly continue the case to a date beyond those limits, charge the continuance to the State, and thereafter grant the defendant’s motion for discharge based on the speedy trial rule violation.
Del Gaudio, 445 So.2d at 611.
When the court made this statement, it was assuming a rule violation. And when it indicated that a proper sanction for late discovery would be a continuance charged to the State, it was referring to a sanction permitted by the rule — a sanction which requires a violation of the discovery rule. The Del Gandió court was not intending to create a new substantive right, independent of the discovery rule, for discovery in the speedy trial context.
Rule 3.191 merely grants the defendant the right to be brought to trial within a time certain after he or she initiates action under the rule. Miller’s trial was timely set. Rule 3.220 grants the defendant the right to have discovery delivered within fifteen days of notice. Miller timely received her discovery under the rule. Although the rule permits the court to shorten (or lengthen) the time for discovery, there is no automatic shortening of the discovery period because of the date of trial in relation to the daté of filing notice. The State, acting in full compliance with both the speedy trial and the discovery rules, did nothing to justify freeing the accused.
We can find no justification for a policy that would require the State to waive its rights under the rule in order to accommodate a speedy trial request by an unprepared accused. The defendant should not seek a speedy trial until he or she is ready for trial.
REVERSED and REMANDED for further action consistent with this opinion.
W. SHARP, J., concurs.
PETERSON, C.J., dissents, with opinion.

. All references to date are for the year 1994.

. This delay was occasioned by the State first electing not to file because it had been informed that Miller was the "sole owner” of Puppet Masters, Inc. Further information, however, created some doubt as to this issue and caused the State to file the information. While we question whether any delay caused by alleged misinformation from a defendant should be included within *856 the speedy trial period, this issue is not involved in this appeal.