691 So.2d 490 (1997)
Albert BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0983.
District Court of Appeal of Florida, Fourth District.
February 19, 1997.
Rehearing and Certification Denied April 23, 1997.
*491 Bert Winkler, West Palm Beach, for appellant.
Robert Butterworth, Attorney General, Tallahassee, Joan Fowler and Don Rogers, Assistant Attorney Generals, West Palm Beach, for appellee.

EN BANC
STONE, Judge.
We grant the state's motion for rehearing en banc, withdraw our opinion of September 13, 1995, and substitute the following opinion. The sole issue we address is whether the trial court erred in denying a motion for discharge under the "speedy trial" rule. The judgment and sentence are affirmed.
Appellant was charged on April 24, 1992 and a not guilty plea was entered on May 4, 1992. On that date, the defense also filed a demand for reciprocal discovery pursuant to rule 3.220, Florida Rules of Criminal Procedure.[1] The trial was set, without objection, for May 26th. At calendar call on May 22nd, defense counsel indicated that he was not ready for trial and requested a continuance because he had not received the full discovery from the state until May 20th.[2]
In response to the defense attorney's assertion that the continuance should not be "charged to" the defendant, the court advised counsel that he could not "have it both ways," and that the court was prepared to proceed to trial the following week unless the defense maintained its request for a continuance knowing that it would not be charged to the state. The defendant's attorney then advised the court that he was not ready for trial and could not be ready. Counsel indicated that he would need a continuance of at least 60 days, which the court granted. We note that the record reflects that the public defender had initially been appointed as counsel, and that private counsel was apparently retained after the arraignment. The trial was subsequently continued again and trial commenced in November, 207 days after the arrest.
Appellant did not, and does not, assert that there was a discovery violation. The record does not reflect any claim of misconduct or intentional delay by the state in furnishing discovery. Nor is there even a contention that the state was seeking some tactical advantage by the time taken in obtaining and furnishing the discovery material. Defense counsel's argument to the trial court was that counsel was not prepared and did not have sufficient time to prepare for trial.
Florida Rule of Criminal Procedure 3.191(j) states that where a trial is continued at a defendant's request, the resulting delay is "attributable to the accused." As a general rule, a defense request for continuance, absent state misconduct, inexcusable delay in providing discovery, or other violation of defense discovery rights, waives the 175 day "speedy trial" time and the defendant's right to discharge pursuant to criminal procedure rule 3.191(a). State v. Frazee, 617 So.2d 350, 351 (Fla. 4th DCA 1993); J.B. v. Korda, 436 So.2d 1109 (Fla. 4th DCA 1983); Colby v. *492 McNeill, 595 So.2d 115 (Fla. 3d DCA), rev. denied, 604 So.2d 487 (Fla.1992); Fonte v. State, 515 So.2d 1036 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 878 (Fla.1988); Blackstock v. Newman, 461 So.2d 1021, 1022 (Fla. 3rd DCA), rev. denied, 467 So.2d 999 (Fla. 1985); State v. Fraser, 426 So.2d 46 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 98 (Fla. 1983); State v. Brown, 412 So.2d 448 (Fla. 5th DCA 1982). See also Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974); State v. Oppert, 380 So.2d 1301 (Fla. 4th DCA), rev. denied, 392 So.2d 1377 (Fla. 1980); State v. Duda, 368 So.2d 918, 919-920 (Fla. 4th DCA 1979); State v. Kurtz, 354 So.2d 890, 891-892 (Fla. 4th DCA), cert. denied, 360 So.2d 1249 (Fla.1978); State v. Abrams, 350 So.2d 1104, 1105 (Fla. 4th DCA 1977); State ex rel. Gadson v. Tyson, 334 So.2d 56, 58 (Fla. 4th DCA 1976).
Finding no fault with the state, Appellant's argument is that he should not lose his right to seek a speedy trial discharge simply because the court scheduled his first trial date for only three weeks after arraignment. However, although a defendant is assured a fair opportunity to prepare for trial, there is no rule precluding a court's affording an early trial date opportunity.
The speedy trial right at issue here is not one of constitutional dimension and clearly may be waived. Fonte; Fraser. Nor is the defendant's lack of fault, or even possible defense prejudice, a determining factor in deciding whether speedy trial was waived by the defense being unavailable for trial. See State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); Fonte; Fraser; Blackstock. In any event, Appellant is not prejudiced, as the defense at all times had available the 50 day speedy trial by demand remedy provided under rule 3.191, as well as speedy trial principles available under the state and U.S. constitutions.
In Cullen, the court rejected the argument that speedy trial rights cannot be waived by seeking a continuance where a defendant is prejudiced due to insufficient time to prepare within the time allotted prior to the scheduled trial date. The court, after recognizing that the request is a waiver, noted that, at that point (upon granting the continuance), it becomes "incumbent upon the trial court to set a trial date far enough in advance to allow adequate time for preparation." Id. at 863. The court also recognized that the defendant is not unduly prejudiced by this holding, as there remains the right to demand speedy trial under the rule and the defendant retains constitutional rights to a speedy trial.
The record does not reflect whether the state could have gathered, reviewed, prepared, and furnished full discovery in less than the time it utilized. Nor did defense counsel claim that the state could have done so. However, we note that even if the state could have done so, such would be irrelevant, as discovery was timely furnished and there was no misconduct or even a defense request to shorten the time for discovery. See State v. Miller, 672 So.2d 855 (Fla. 5th DCA 1996) (inappropriate to penalize state for not voluntarily waiving its right under rule 3.220(b) where defendant did not move for, and court did not order, shortening of compliance period).
We have considered State v. Del Gaudio, 445 So.2d 605, 611 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla.1984), but deem it inapposite. In Del Gaudio, the court was concerned with prejudice to the defendant by last minute delays caused by a violation of discovery rules as the speedy trial time was about to expire. Here, there is no such issue. For that reason, we also do not deem George v. Trettis, 500 So.2d 588 (Fla. 2d DCA 1986) and Lobik v. State, 506 So.2d 1077 (Fla. 2d DCA 1987) to be in conflict with this opinion. Appellant cites no authority applying the Del Gaudio principle under these circumstances, nor has Appellant furnished any authority indicating that it is an abuse of trial court discretion, per se, to schedule a first trial date three weeks after arraignment.
Having determined that Appellant waived his right to speedy trial on May 22nd, it is not necessary to address whether he also waived it by joining in a continuance request in August 1992. As to all other issues raised, we also affirm.
*493 GLICKSTEIN, DELL, WARNER, POLEN, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.
FARMER, J., dissents with opinion, in which GUNTHER, C.J., concurs.
FARMER, Judge, dissenting.
The essential problem in this case is that it was set for trial a mere 22 days after arrest and even less than that from counsel's initial appearance. The principal effect of setting such an immediate trial date, particularly on charges of murder,[3] is to force a defendant to request a continuance. Thus today's decision approves a very effective means for avoiding the speedy trial requirements of the rules of criminal procedure.
Judges now need merely set the case for trial within 20 days of arraignment. That will force the hapless defendant into requesting a continuance because he is, quite understandably, not ready for trial. That request for a continuance will then necessarily waive the general speedy trial provision. He may therefore purchase his right to due process but apparently only at the price of his speedy trial right under the rule. Because as a practical matter this procedure eviscerates a defendant's rights to due process, as well as the right to discovery and speedy trial under the rules, I must dissent.
Both the right to due process[4] and the right to a speedy trial[5] come from the identical concern: the manipulation of the timing of a criminal trial to frustrate a defendant's ability to defend the charges against him. The drafters of these constitutional provisions were very familiar with the use of both rushed and delayed trials by the agents of George III to ensure conviction and punishment of dissenters. Thus these rights emerged from a single injustice: the use of the timing of criminal trials to enhance the prospects of the state for convictions. They remedy the same evil. The state can neither inordinately rush nor unreasonably delay a defendant from going to trial. Yet, under today's decision, the one is forfeited by the necessary assertion of the other.
As I pointed out in the panel opinion, rule 3.191(a) provides generally that every person charged with a felony shall be brought to trial within 175 days.[6] At the same time, a defendant is also given the right by rule 3.191(b) to have the trial within 50 days of filing a demand. If defendant elects to assert this right for an earlier speedy trial, the trial must then begin no sooner than 5 days and not later than 50 days from the filing of the demand.[7] The text of subdivision (a) clearly states that it governs all criminal prosecutions and that every defendant, without any demand or action on his part, "shall be brought to trial" [emphasis supplied] by the end of the 175-day period. In contrast, *494 subdivision (b) merely gives a defendant the right to demand an earlier trial within 60 days.
And so, from these separate and different provisions, there are two speedy trial rights granted by the rule. One is automatic and applies to every defendant. The other accelerates the holding of trial and is triggered solely upon the demand of a defendant. There is nothing in rule 3.191 providing that the failure to demand the earlier trial waives the general 175-day limit. Hence, the general rule of 175 days contained in subdivision (a) governs when there has been no demand by the defendant.
The speedy trial rule requires that defendant be discharged if trial does not commence within the prescribed period of time, unless one of 4 circumstances exist.[8] The only exception plausibly applicable in this case is subdivision (j)(2), requiring the court to determine whether the failure to hold trial is attributable to the accused.
There is no definition of attributable in the rule. The word attribute is defined as relating "to a particular cause or source; to ascribe." See AMERICAN HERITAGE DICTIONARY (3rd ed.) 120. In a Usage Note accompanying the definition, the AHD lists "attribute, ascribe, impute, credit, assign, refer" as synonyms. It goes on to say:
"These verbs mean to consider as resulting from ... or belonging to a person or thing. Attribute and ascribe, often interchangeable, have the widest application."
Thus, when the generally held definition of attributable is used, subdivision (j)(2) requires the court to determine whether the failure relates to, is caused by, or has its source with the defendant.
Given the general meaning of attributable, there are two possible constructions of subdivision (j)(2), one broad and one narrow:
A. under the broad meaning, any request for a continuance by a defendant means that he is the cause or source of the failure; or
B. under the narrow meaning, the court is required to examine the circumstances and determine whether the root cause of the request for the continuance lies with conduct of the defendant or elsewhere.
If the rule's use of the term attributable has the meaning of the former, then any defense request for a continuance means that the failure to hold the trial is attributable to the defendant. If the latter, the failure is not attributable to him. Because both meanings are conceivable under the general meaning of attributable, we are obligated to apply the rule of lenity and strictly construe the term by using the meaning that favors the accused. § 775.021(1), Fla. Stat. (1995).
Today's decision does not engage in any examination of the circumstances of this case to ascertain whether the failure to hold the trial relates to, or was caused by, any particular cause or source other than the defendant. Instead, the court simply holds that a continuance is attributable to a defendant even though he has been forced to request the delay because the trial was scheduled before he could reasonably be expected to be ready for trial. This conclusion is apparently based on State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971).
Cullen was based on a different version of the speedy trial rule. In that time, the pertinent provision of the rule read as follows:
"(d)(3). Continuances; Effect on Motion.

If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (I) a time extension has been ordered as provided in § (d)(2), *495 or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a codefendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days." [emphasis supplied.]
253 So.2d at 863; see also In re Florida Rules of Criminal Procedure, 245 So.2d 33, 36 (Fla.1971).
The history of rule 3.191 shows that the words "attributable to the accused" in what is now subdivision (j)(2) replaced the words "due to the unexcused actions or unexcused decisions of the accused" in what was previously subdivision (d)(3). See The Florida BarIn re Rules of Criminal Procedure, 389 So.2d 610, 614 (Fla.1980). I read that amendment to change the intent of this provision. Under the previous version, the court was required to consider whether the conduct or decisions of the accused that result in a delay of trial should be excused. Under the new version, the court is required instead to decide whether the root cause for the delay lies with the accused or elsewhere. Otherwise the amendment is meaningless, and we do not view amendments of statutes or rules as empty gestures.
The facts in Cullen show that the court sought to determine whether conduct or decisions of the accused there should be excused. The pertinent facts in Cullen are illustrated in the following table:

Date Event
2/1/71 Arrested
5/25/71 Demand for speedy trial[9]
6/1/71 Indictment
...... First set for trial 7/12/71
7/2/71 Defense Moves for Continuance
...... Defense withdraws demand
 for speedy trial
7/2/71 Trial set for 10/4/71
9/30/71 Motion for Discharge

The petition for discharge explained these events as follows:
"On July 2, 1971, court-appointed counsel moved the trial court to vacate the scheduled trial date on the grounds that the State (by myriad unexplained delays) had unconstitutionally deprived the Defendants of their opportunity to properly prepare for trial with effective aid of counsel.... The Court denied the motion to vacate trial date. Thereafter, and solely because of the Court's refusal to vacate the trial date, ... Relators withdrew their purported written Demands for Speedy Trial and requested additional time within which to prepare their defense prior to the trial of the case."
253 So.2d at 862.
The court held that the periods prescribed by the speedy trial rule were no longer applicable because the defendants moved for a continuance to obtain additional time to prepare their defense. 253 So.2d at 863 ("It appears on the face of the petition that petitioners requested a continuance so that they would have additional time within which to prepare their defense."). In other words, the petitioners there did not seek a continuance because the court had set their trial date within 3 weeks after being taken into custody and the initial appearance of their lawyer. Nor did they argue that the initial trial date on its face denied them due process by failing to afford them minimally sufficient time to prepare for trial. Instead, they obtained a continuance when their improper demand for speedy trial was deemed a nullity and then failed to renew their demand after the general period had been waived by them. As the court put it:
"Rather than file a demand, petitioners in this case ... caused a delay, waited until the time prescribed in the rule expired, and moved for a discharge."
253 So.2d at 863. Accordingly, I do not believe that Cullen can be read to hold that the general speedy trial right is waived even though a defense request for a continuance resulted from or was caused by setting the case for trial too soon after arrest so that defendant was denied even the minimal time necessary to be ready for trial.
*496 There appear to be only two reasons for attributing the continuance in this case to the defendant. First, even though the state's response to defendant's demand for discovery did not reach defense counsel until just 2 days before the calendar call, the state responded within the time prescribed by rule to answer discovery. Because the state responded timely to the discovery request, the continuance should be attributed to the defense. Second, defendant did not make a formal demand under subdivision (b) for an accelerated trial, thereby resulting in the continuance being attributed to him.[10]
Admittedly, there is a difference between rushing a defendant to trial, on the one hand, and delaying the defendant from defending against the charges on the other. In the former the defendant complains that he has not been given enough time to prepare, while in the latter he complains that the state has been given too much time to prepare. Both, however, can result in serious injustice to the defendant. Thus, due process prohibits rushing a defendant to trial before he can realistically be ready, while the speedy trial provision prohibits delaying the trial until the defensive evidence is stale or nonexistent. Equally so, one's readiness for trial is bound up in the ability to fairly meet the state's charges; therefore the rules provide for basic discovery of the state's case. Hence, the holding that the right to speedy trial under the rules may be lost in the exercise of the right to due process and discovery lacks textual support in the rule.
As previously shown, there is no provision in the text of rule 3.191 that the failure of a defendant to make a demand for an earlier speedy trial waives the 175-day provision. Indeed, rule 3.191(a) is entitled "Speedy Trial without Demand." [emphasis supplied.] The self-executing nature of rule 3.191(a) is entirely apparent from its text. Rule 3.191(b), on the other hand, is entitled "Speedy Trial with Demand." [emphasis supplied.] Requiring a defendant to make a formal demand for the speedy trial right set forth in rule 3.191(a) would both rewrite the text and entirely destroy the self-executing nature of the rule. Moreover, as I have said, the inevitable result of today's decision is that a defendant must now necessarily choose between the general right to speedy trial under the rule, on the one hand, and the defendant's due process right to reasonable time to prepare and discovery on the other. The one right or the other is forfeited under this decision. I should have thought that only the most exigent of reasons would support forcing a defendant to such a Hobson's choice between constitutional protections.
The rule provision for speedy trial is quite obviously the child of the constitutional entitlement to a speedy trial. Because the constitutional provision is cast in the form of a general imperative, the rule has been adopted to give content and direction to the generality of the constitutional provision. While a failure to try a defendant within the rule period is not, in and of itself, a violation of the general constitutional command, there can be no doubt that the rule protects the constitutional interest. Hence the right granted under the rule is hidebound with the right granted by the constitution, and should be construed and enforced with a healthy regard for its constitutional underpinnings in mind.
The setting of trial unreasonably shortly after defendant has been arrested is plainly a violation of due process, affecting even the right to counsel. As our supreme court said many years ago:
"Justice requires, and it is the universal rule, observed in all courts of this country, it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error; it *497 strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into disrepute." [emphasis supplied.]
Coker v. State, 82 Fla. 5, 7, 89 So. 222 (1921). Even more recently, the court confronted the same subject in Valle v. State, 394 So.2d 1004 (Fla.1981), saying:
"The state admits that appellant's trial which commenced twenty-four days after arraignment constituted a period of time considerably less than average for capital cases, but contends that the denial of the trial continuance was both reasonable under the circumstances and a proper exercise of discretion. The state argues that the conviction and sentence should stand because (1) appellant failed to identify any resulting prejudice; (2) the evidence of appellant's guilt was overwhelming; and (3) defense counsel would not have been better prepared even if allowed more time. We reject the state's contentions and, under the circumstances of this case, find that the trial judge abused her discretion.
"It is a basic due process right and essential to a fair trial that defense counsel in a criminal case be afforded a reasonable opportunity to prepare his case. The United States Supreme Court has made this clear:
`We have many times repeated that not only does due process require that a defendant, on trial in a state court upon a serious criminal charge and unable to defend himself, shall have the benefit of counsel, ... but that it is a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel.'

White v. Ragen, 324 U.S. 760, 763-64, 65 S.Ct. 978, 980, 89 L.Ed. 1348 (1945) (citations omitted). Accord, Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)."
394 So.2d at 1007. The court went on to explain:
"The law requires that each defendant have sufficient time to prepare a defense, including the opportunity to utilize available procedural discovery rules provided for that purpose. Florida Rule of Criminal Procedure 3.220(a)(1)(I) requires the prosecution to disclose to defense counsel the `names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.' It necessarily follows that the trial court must allow defense counsel the time to interview these persons to properly prepare for trial." [emphasis supplied.]
394 So.2d at 1008. The court held in Valle that the weight of the evidence and the absence of any showing that additional time would have led to a different result were insufficient reasons to overcome defendant's due process right not to be forced to trial so soon.[11]
The Valle court expressly held that the right to discovery under the rules is part of the due process right not to be forced to an early trial without sufficient time to prepare. As I pointed out in the panel opinion:
"Discovery must be furnished within sufficient time to permit the defendant to make use of it without having to forfeit his right to a speedy trial, and when discovery is not promptly furnished, the court may continue a case at the state's expense beyond the speedy trial limits even if such continuance effectively results in the discharge of the defendant. State v. Williams, 497 So.2d 730 (consolidated) (Fla. 2d DCA 1986). State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984)." [emphasis supplied.]
George v. Trettis, 500 So.2d 588, 589 (Fla. 2d DCA 1986).
In State v. Miller, 672 So.2d 855 (Fla. 5th DCA), rev. granted, 682 So.2d 1100 (Fla. 1996), the court analyzed my opinion's use of the holding in Trettis, saying:
"But Trettis involved a violation of the discovery rule. In fact, the Trettis trial court had previously had to order the State *498 to comply with the discovery request. A finding in Trettis, therefore, that the defendant was delayed in his preparation by the conduct of the State was most appropriate. But to hold that Trettis is authority for granting a continuance charged to the State when there has been no discovery violation is taking its holding out of context."
672 So.2d at 857. Yet it was not the holding in Trettis that I used. I strived to make abundantly clear that there was no discovery violation in this case. I borrowed only the statement of principle that I quoted. The application of a legal principle in one context has never been understood to bar its application in a related but different context.
The speedy trial rule was intended as a protection for the defendant and a burden to the state. When the state uses the entire time permitted by the discovery rule to provide discovery to the defendant but thereby impairs the defendant's due process right not to be unfairly rushed to trial, it does not penalize the state in any way to refuse to attribute a continuance to the defendant. Actually, one must not think of the state as being penalized at all under the speedy trial rule, because it was deliberately intended to be part of the state's burden in obtaining a conviction. Thus, the consequence of attributing the continuance to the state is to change nothing. The state must still bring the defendant to trial within the remainder of the 175 days provided by the rule. When the trial court granted the May continuance in this case, if it had explicitly held that the continuance was not attributable to the defendant, there would have been no burden added to the state. At that point, the state would still have had a period of more than 145 days to commence trial!
In fact, not attributing a continuance to the defendant under this circumstance vindicates both the state's right to respond within the discovery rule's time limit and the defendant's due process right but without denying his speedy trial right and at no additional burden to the state. Frankly I do not understand how the fact that the state did not violate the discovery rule has any bearing on either the due process question or the speedy trial question. Today's decision omits any explanation as to any logical relationship between the state's compliance under the discovery rule and attributing to the defendant the failure to hold trial.
The discharge of a guilty man is not a happy result. But then, our criminal justice system was deliberately designed with the possibility that some guilty people may escape conviction and punishment. The provisions in the Bill of Rights were intentionally framed to make it difficult for the state to convict and punish those who violate its criminal laws. From these rights, there are many points on the road to a felony conviction where the state may fail in its attempt to convict a guilty man: the state must first have probable cause to arrest and hold someone for trial; the formal charge must actually describe a crime that existed when the act was committed; the accused is entitled to counsel even at state expense; the accused must be given a trial by jury in the place where the crime was committed; the trial must be speedy and public; the state has the burden of proving all of the elements of the crime beyond any reasonable doubt; and the verdict of the jury must be unanimous. At any one of these stages in a criminal prosecution, the state may fail its burden even though the defendant is obviously guilty. Hence, a speedy trial discharge, however lamentable, is an inevitableif rareresult that is not avoidable merely because it releases the perpetrator of a crime.
If the trial judge had denied defendant's May motion for a continuance and the case had proceeded to trial then, I think it is obvious that we would have reversed any resulting conviction because of this patent due process violation. No one on this court suggests that the early setting of trial in this case did not deny the accused even the minimum time reasonably necessary to prepare for trial on charges of murder. The calendar call was held less than 20 days after defense counsel had entered his appearance and less than 30 days after defendant was taken into custody. While this compressed time might be permissible in some circumstances, no judge here has argued that such an immediate trial was tolerable in this case.
*499 I do not agree with the notion that, because the speedy trial provision is designed to prevent an undue delay by the state in prosecuting an accused, an early trial after arraignment has no effect on the speedy trial right. See e.g. State v. Fraser, 426 So.2d 46, 48-49 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 98 (Fla.1983) ("if defendant is not ready for trial, while due process rights may be implicated if the scheduled trial date is one on which defendant could not reasonably be expected to be prepared, defendant's speedy trial rights under the rule have been observed"). As I have previously stated, the speedy trial right and the due process right of adequate time to prepare are different remedies for the same evil, manipulating the timing of trial to make conviction more likely. Thus I believe that the correct principle was stated in State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975), cert. denied, 334 So.2d 609 (Fla.1976), where the court said:
"The state, through its own inaction by failing for 142 days to return either an indictment or an information against a person, cannot force a defendant to choose between two coequal rights. While the Florida Rules of Criminal Procedure have in recent years been given great emphasis as to an accused's right to speedy trial and discovery, we cannot forget that these rights are ultimately protected by our State and Federal Constitutions." [emphasis supplied.]
320 So.2d at 882.
There is simply no authority in the constitutions, the statutes, or the rules for the proposition that the right to speedy trial is an alternative to the right to due process or the right to discovery from the state. In fact as we have just seen, the correct principle is that "the state through its own inaction ... cannot force a defendant to choose between two coequal rights." So far as I am aware, no court has ever decided until now that the fundamental protections of due process, speedy trial and the right to counsel are mutually exclusive. Yet I fear that today's decision will be read to stand precisely for that proposition.
A previous decision of this court holds that the failure to hold trial is generally attribut able to a defendant who requests a continuance. State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993) ("This rule has been construed to mean that any defense request to postpone a case is a motion for a continuance waiving speedy trial rights regardless of its characterization."). In finding that the defendant in this case waived his speedy trial right when he objected to being forced to trial less than a month after his arrest, the majority restates the Frazee holding in the following way:
"As a general rule, a defense request for continuance, absent state misconduct, inexcusable delay in providing discovery, or other violation of defense discovery rights, waives the 175 day `speedy trial' time and the defendant's right to discharge pursuant to criminal procedure rule 3.191(a)."
Op. at 491. As I indicated earlier, the term attributable must be narrowly construed in favor of the accused, not broadly read in favor of the construction favoring the state.
While I agree that state misconduct, or delay in providing discovery, or other violations of discovery rights are important instances where the failure to hold a trial should not be attributed to the defendant, I do not believe that they are the only such instances. The drafters of the rule wrote no list of the circumstances in which the failure to hold trial would be deemed attributable to the accused. The failure to specify categorically when a defendant is charged with the failure to hold trial must mean that the drafters intended no fixed rule and that it should be left, instead, to be determined by the circumstances of each case.
When a trial date is set so quickly after the arrest and first appearance of counsel, under today's decision defendant is left only with the "right" to choose between due process and discovery, on the one hand, and a speedy trial, on the other; but he cannot have both. Because there is absolutely nothing in the constitution or rules that even hints at such a mutual exclusion of rights, so that the choice of the one negates the other, *500 I believe that the trial court erred in denying the motion for speedy trial discharge.
I urge certifying the following question to the supreme court:
Is the failure to hold trial properly "attributable" to a defendant where his request for a continuance was occasioned by setting trial on murder charges within 22 days after arrest and even less than that from defense counsel's initial appearance?
GUNTHER, C.J., concurs.
NOTES
[1] The record does not reflect when the discovery demand was served on the state.
[2] The defense did receive a part of the discovery, a witness list and a probable cause affidavit, 10 days after filing the demand, but the balance of the discovery material was not received by defense counsel until May 20th, the same day the state attorney's office received it.
[3] The charges in this case are second degree murder, attempted first degree murder, and shooting into a building.
[4] See U.S. Const., amend. V ("nor shall any person ... be deprived of life, liberty, or property, without due process of law"), and amend. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law ..."); and Art. I, § 9, Fla. Const. ("No person shall be deprived of life, liberty or property without due process of law").
[5] See U.S. Const., amend VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial"); and Art. I, § 16(a), Fla. Const. ("In all criminal prosecutions, the accused shall ... have the right to have ... a speedy and public trial").
[6] See Fla.R.Crim.P. 3.191(a) ("Speedy Trial without Demand. Except as otherwise provided by this rule ... every person charged with a crime by indictment or information shall be brought to trial within ... 175 days if the crime is a felony.") [e.o.] Under this rule, the prosecutor bears the primary responsibility of insuring that the speedy trial requirements are met. For, when it appears that a speedy trial issue is looming and the trial judge has not been made aware of the problem, in our adversary system the prosecutor has the responsibility to alert the court to the potential problem and not stand silently by even when the judge has made some ruling that seemingly benefits the prosecution.
[7] Fla.R.Crim.P. 3.191(b) ("Speedy Trial upon Demand. Except as otherwise provided by this rule and subject to the limitations imposed under subdivisions (e) and (g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court ... a pleading entitled `Demand for Speedy Trial.'"). [Emphasis omitted.]
[8] Florida Rule of Criminal Procedure 3.191 (j) provides as follows:

"If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
(1) a time extension has been ordered under (I) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid."
[9] The court held that the 5/25/71 demand for speedy trial was legally a nullity because defendant had not been formally charged when it was made and it was therefore in bad faith.
[10] Of course, if he was already forced to ask for a continuance because of the setting of an immediate trial, one might fairly ask why he would consider asking for an even earlier trial under rule 3.191(b).
[11] There was no issue of speedy trial in Valle.