697 So.2d 569 (1997)
Douglas J. MOORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2735.
District Court of Appeal of Florida, Third District.
July 30, 1997.
Peter S. Heller, Miami, for appellant.
Robert A. Butterworth, Attorney General and Lara J. Edelstein, Assistant Attorney General, for appellee.
Before COPE, GREEN and SORONDO, JJ.
*570 SORONDO, Judge.
Douglas J. Moore, defendant, appeals an order entered by the Circuit Court denying a petition for writ of prohibition. The facts of the case follow:
The defendant was arrested on March 10, 1995 and charged with driving under the influence (DUI). On June 1, the day before the scheduled arraignment, defense counsel filed his notice of appearance, written plea of not guilty, demand for jury trial and notice of discovery. On June 2, the 82nd day after arrest, the defendant was arraigned. On June 9, the 91st day after arrest, the defendant filed his notice of expiration of speedy trial.
The trial of the case had been scheduled for June 20. On that day the defendant announced that he had received the state's response to his discovery demand the day before, June 19, and that he needed time to review the discovery, investigate the case and prepare for trial.[1] It was established at this hearing that the state had provided discovery within the period of time provided by the Florida Rules of Criminal Procedure. The trial judge continued the trial of the case for June 22, the 13th day of the "window," without attributing the delay to either the state or the defendant.
On June 22, the defendant again moved for a continuance asking that same be charged to the state or the court but not to him. The trial judge refused that request but agreed to grant a defense continuance. On July 26, the defendant filed his motion for discharge pursuant to Fla. R. Cr. P. 3.191(p).
The defendant argues that the trial judge inappropriately forced him "to choose between his right to have discovery and an adequate time to utilize it in preparing for trial and his right to a speedy trial." State v. Del Gaudio, 445 So.2d 605, 611 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla.1984). The defendant's reliance on Del Gaudio is misplaced. That case dealt with the state's discovery violation and the consequences of that transgression. In the present case the state fully complied with discovery within the time frame set forth in Fla. R. Cr. P. 3.220(b)(1).
Next, the defendant argues that the state "improperly" availed itself of all 15 days afforded by the rule. He suggests that the state should have known that the case was extremely close to the end of the speedy trial period and should therefore have accelerated its response. This argument requires little comment. The state had absolutely no obligation to provide discovery in less time than the rule allows. If the defendant believed that the rule's stated time provisions were inadequate to quench his burning desire for a speedy trial, he should have moved under Rule 3.220(k) for an abbreviation of the time period.
As we have stated above, the defendant was arrested on March 10. Defense counsel candidly admitted at oral argument that he was retained by the defendant very shortly after the arrest. Nevertheless, counsel did not file a notice of appearance or a notice of discovery until 1:20 p.m. on June 1, the afternoon of the day before the case was scheduled to be arraigned. Had counsel filed these pleadings when he was retained, as is customary in criminal cases, there would have been more than enough time to receive discovery and conduct a full investigation of the case before June 22.[2] The facts of State v. Miller, 672 So.2d 855 (Fla. 5th DCA 1996), rev. dismissed, 695 So.2d 700 (Fla. 1997), are similar to the facts in this case. In Miller, *571 the defendant was arrested on March 4, for the crime of grand theft. She was arraigned on September 19.[3] On October 5, her attorney filed a notice of appearance, entered a written plea of not guilty and served notice of discovery. The next day the defendant filed a notice of expiration of speedy trial. The trial court scheduled the trial for the 15th day thereafter. On the day of trial, the state delivered discovery to the defendant. The discovery was timely under the provisions of Florida Rule of Criminal Procedure 3.220. The Miller court concluded that
[The defendant's] dilemma was caused not because the State exercised its right to rely on the time provisions of the rule, but because she delayed seeking discovery until the eve of trial.
Id. at 856.
In this case we hold that when the defendant moved for a continuance on the grounds that he was not ready for trial on the scheduled trial date, he waived his right to a speedy trial under the speedy trial rule, Florida Rule of Criminal Procedure 3.191(a) and(p)(3). State v. Guzman, 697 So.2d 1263, (Fla. 3d DCA 1997); Banks v. State, 691 So.2d 490 (Fla. 4th DCA 1997)(en banc); State v. Brown, 527 So.2d 209 (Fla. 3d DCA 1988); Granade v. Ader, 530 So.2d 1050 (Fla. 3d DCA 1988).
We affirm the circuit court's denial of the defendant's Petition for Writ of Prohibition.
NOTES
[1] At no time during these proceedings did defense counsel ever articulate the nature of the "investigation" necessary or why it could not be done in the time available.
[2] We note that unlike felony cases where there is usually no formal charging document in the court file until the day of arraignment, in DUI cases the charging document (the traffic citation and/or arrest affidavit) is in the court file the day after arrest. By filing a written plea of not guilty early in the process the defendant waives the need for an arraignment and allows the case to be immediately scheduled for trial. Fla. R. Cr. P. 3.160(a). If, as in this case, the written plea is accompanied by a notice of discovery, the state would be required to furnish discovery promptly and the defendant would have his desired speedy trial.

We recognize that such a procedure would draw attention to the case and undoubtedly deter the scheduling of an arraignment for the 82nd day after arrest by an errant clerk.
[3] The court explains that the delay in arraigning the defendant was caused by the state's original election not to file charges.