394 So.2d 1004 (1981)
Manuel VALLE, Appellant,
v.
STATE of Florida, Appellee.
No. 54572.
Supreme Court of Florida.
February 26, 1981.
*1005 Bennett H. Brummer, Public Defender, and Elliot H. Scherker and Karen M. Gottlieb, Asst. Public Defender, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Janet Reno, State Atty., and Ira N. Loewy, Asst. State Atty., Miami, for appellee.
PER CURIAM.
Appellant, Manuel Valle, was convicted of the first-degree murder of a police officer, attempted murder in the first degree, and possession of a firearm by a convicted felon. Appellant pleaded guilty to automobile theft. The trial judge imposed the death sentence in accordance with the jury's advisory recommendation. We have jurisdiction.[1]
For the reasons expressed, we must reverse for a new trial. We find that requiring this appellant to go to trial within twenty-four days after arraignment resulted in a denial of effective assistance of counsel where defense counsel, even though diligent, had no opportunity to make proper inquiry into appellant's mental condition or to depose twenty-four of the fifty-nine witnesses named by the state pursuant to the Florida criminal discovery rules. With this holding, we need not address the other issues raised on appeal.
The chronological history of this cause is unrefuted:
On April 2, 1978, appellant allegedly killed a police officer after the officer had stopped appellant for a traffic violation.
On April 4, authorities apprehended appellant.
On April 8, the trial court declared appellant indigent and appointed private counsel as special public defender.
On April 13, the grand jury returned an indictment.
On April 14, the trial court arraigned appellant, and set trial for May 8. Defense counsel protested the date as leaving insufficient trial preparation time.
On April 17, in accordance with Florida criminal discovery rules, the state furnished defense counsel a list of twenty-seven witnesses; statements of appellant, codefendants, and witnesses; documents relevant to searches; and reports of experts.
On April 18, the state furnished appellant with supplemental discovery, twenty-four additional witnesses, more witness statements, and a police report.
On April 24, appellant filed twenty-five motions, including a motion for psychiatric evaluation. The trial court set a hearing for the motions on the next day.
On April 25, defense counsel asked for additional time to present testimony and evidence on some of the motions. The request was denied. Thereafter, all of the motions were either denied or withdrawn. With reference to the psychiatric evaluation, *1006 the trial court asked defense counsel his basis for making the request. Counsel advised the court that he based the motion on appellant's past history, his conversations with appellant, and appellant's involvement in an industrial accident which resulted in intracranial surgery to the inner ear. The trial judge denied the psychiatric examination. Also on this date, the state furnished to appellant the names of five additional state witnesses, additional witness statements, and a police report.
On May 1, defense counsel filed a motion for continuance which detailed in twenty-two paragraphs the reasons why he could not properly prepare for a May 8th trial and at the same time provide appellant proper assistance of counsel. The motion stated in part that counsel had first received discovery from the state on April 17 and had subsequently received additional discovery; the state had listed fifty-six witnesses; depositions had been set and would be taken as expeditiously as possible; that due to the large number of witnesses and vast array of material, it would be "physically, logistically, practically and realistically impossible to prepare for trial on May 8, 1978." The state also furnished appellant a supplemental discovery list containing three additional witnesses on this date.
On May 2, the state furnished appellant additional supplemental discovery, a tape recording of police broadcasts, the police report of the lead investigator, and experts' reports.
On May 3, the state furnished appellant a certified English translation of notes written by appellant in Spanish.
On May 4, hearing was held on the May 1 continuance motion.
At the hearing, counsel further informed the court that he had received additional discovery since the motion's filing and that he had been diligent in preparing the case for trial. Counsel continued by detailing what had been done since his appointment and stated:
[t]he arraignment, as the Court well knows, was on the 14th. We set a trial date. The Court, over objection of counsel, set a trial date on May 8th with thirty-one witnesses. It's a denial of equal protection; denial of due process of law and I cannot effectively represent this man unless I have sufficient time to prepare his defense, go over these depositions with my client; go over certain matters with my client. There is just so many hours in a day and I just cannot effectively at this particular time proceed to trial in a case of this magnitude with the possible penalty involved, based on the shortness of time.
I just can't do it.
Later in the proceeding, defense counsel stated: "[W]e are breaking a track record here. If we are forced to go to trial on Monday I will be totally unprepared." Counsel further advised the court that he could be ready for trial within sixty days from the date of arraignment. The trial court denied the motion for continuance, and appellant's counsel immediately moved to withdraw on the grounds that he could not adequately represent appellant. The trial court denied the motion.
The case proceeded to trial on the set date. The state presented thirty-two witnesses of whom appellant had deposed all but three. The three-day trial resulted in appellant's conviction for first-degree murder and other crimes.
Immediately after the murder conviction, defense counsel advised the court that he had not had sufficient time to investigate appellant's background or to locate witnesses to testify in mitigation and that the unlimited nature of mitigating circumstances which could be presented only intensified the need for time to prepare. Counsel moved for a continuance to allow for preparation time and also for the purpose of a presentence investigation. The motion was denied, and the cause proceeded immediately to the sentencing phase. The only witness presented in mitigation was appellant's wife who testified that appellant had incurred a head injury which caused him emotional disturbance. Thereafter, counsel renewed his motion for continuance for the purpose of a neurological examination. *1007 The trial court denied the request. Again, at the close of the advisory sentence proceedings and prior to the entry of sentence, defense counsel moved for a continuance for presentence investigation. The motion was again denied.
The jury returned an advisory sentence recommendation of death; the trial judge imposed the death sentence.
Appellant contends that the period between arraignment and trial left defense counsel with insufficient trial preparation time both for the trial and sentencing phases of this particular proceeding. It is asserted that the trial court's refusal to grant a continuance denied appellant effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the United States Constitution.
The state admits that appellant's trial which commenced twenty-four days after arraignment constituted a period of time considerably less than average for capital cases, but contends that the denial of the trial continuance was both reasonable under the circumstances and a proper exercise of discretion. The state argues that the conviction and sentence should stand because (1) appellant failed to identify any resulting prejudice; (2) the evidence of appellant's guilt was overwhelming; and (3) defense counsel would not have been better prepared even if allowed more time. We reject the state's contentions and, under the circumstances of this case, find that the trial judge abused her discretion.
It is a basic due process right and essential to a fair trial that defense counsel in a criminal case be afforded a reasonable opportunity to prepare his case. The United States Supreme Court has made this clear:
We have many times repeated that not only does due process require that a defendant, on trial in a state court upon a serious criminal charge and unable to defend himself, shall have the benefit of counsel, .. . but that it is a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel.
White v. Ragen, 324 U.S. 760, 763-64, 65 S.Ct. 978, 980, 89 L.Ed. 1348 (1945) (citations omitted). Accord, Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
This Court has also set forth this basic premise:
Justice requires, and it is the universal rule, observed in all courts of this country, it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error; it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into disrepute.
Coker v. State, 82 Fla. 5, 7, 89 So. 222, 222 (1921). In Scott v. State, 101 Fla. 250, 253-54, 134 So. 50, 51-52 (1931), the Court stated:
The defense of one charged with murder in the first degree, or other high crime, is a serious undertaking, and should not be considered lightly. This court does not take the position that one charged with crime, capital or otherwise, may not be tried promptly after the indictment is presented, but when the defendant, in due season, asks for a reasonable time in which to prepare his defense the time should be granted unless there is a showing to the contrary.
The West Virginia Supreme Court of Appeals has recently reached the same result. State v. DeMastus, 270 S.E.2d 649 (W. Va. 1980). See State ex rel. The West Virginia-Pittsburgh Coal Co. v. Eno, 135 W. Va. 473, 63 S.E.2d 845 (1951).
*1008 In our view, the prejudice to appellant in the trial phase of the instant case is clear from the record. With the expedited trial date and resulting abbreviated trial preparation period, defense counsel, even though diligent, was unable to interview twenty-four of the fifty-nine witnesses listed by the state pursuant to the discovery rules; was denied the opportunity to investigate appellant's mental condition; and was denied the opportunity to present evidence concerning pretrial motions.
The law requires that each defendant have sufficient time to prepare a defense, including the opportunity to utilize available procedural discovery rules provided for that purpose. Florida Rule of Criminal Procedure 3.220(a)(1)(i) requires the prosecution to disclose to defense counsel the "names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto." It necessarily follows that the trial court must allow defense counsel the time to interview these persons to properly prepare for trial.
With reference to the trial phase of this cause, we find that the trial court should have allowed defense counsel time to interview the additional witnesses and to present evidence on his pretrial motions. The trial court should also have allowed the opportunity for a mental examination, given the evidence of appellant's industrial accident and consequent intracranial surgery. See Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Lane v. State, 388 So.2d 1022 (Fla. 1980); See also Fla.R. Crim.P. 3.210.
We reject the state's contention that the asserted overwhelming evidence against appellant in the trial phase overrides his sixth and fourteenth amendment rights to adequate preparation time and effective assistance of counsel. What upon a limited record may appear to be first-degree murder may, upon full investigation and presentment of further evidence, be in reality a homicide of a lesser degree. We note that the state makes no accusation that defense counsel was not diligent, and, in fact, the record indicates that counsel made every preparation effort possible under the circumstances.
With reference to the sentencing phase, the prejudice to appellant is also clear from the record. There was no time to adequately locate mitigation witnesses or to investigate mitigating circumstances, specifically extreme mental or emotional disturbance and impairment of appellant's capacity to appreciate the criminality of his conduct. We find defense counsel was denied an adequate opportunity to inquire into appellant's background and sufficient preparation time for the sentencing phase of this cause. But, by this holding, we do not imply that there must be a continuance between a death case's trial and sentencing hearing. What we require is that defense counsel must have a reasonable time prior to trial to prepare for both the trial and sentencing phases.
Under the circumstances, the actions of the trial judge in both the trial and sentencing phases were clearly unreasonable and an abuse of discretion.
We realize that there is a need for expeditious criminal trials and, by our holding, in no way disavow our policy in this regard. Except in special circumstances, most capital and other criminal cases should move to trial within sixty days from arraignment or appointment of counsel, the facts of each case being determinative.
Under the present facts, the state admittedly conducted appellant's trial in record time for a capital case. It commenced only thirty-six days after the police officer's murder, thirty-four days after appellant's arrest, twenty-four days from the date of arraignment, and twenty-one days from the date of the first discovery information furnished by the state. To our knowledge, no death case in recent history has been tried in such a short period of time. Few felony cases, if any, share the distinction. We note that present defense counsel believed that sixty days would have given him a sufficient period of time to *1009 prepare for trial and that approximately this amount of time was given to codefendants who were tried for lesser offenses.
We realize there may be cases that can be tried in less than sixty days from arraignment, given the type of offense, limited number of witnesses, or requisite investigation period that may be necessary. See United States v. Pelton, 578 F.2d 701 (8th Cir.1978) (twenty-day period from arrest to trial); Berriel v. State, 233 So.2d 163 (Fla. 4th DCA 1970) (counsel appointed five days prior to trial). The instant death case, however, does not fall within that category.
We conclude that this cause was expedited in such a manner that it denied appellant his basic rights to a fair trial and that the actions of the trial judge constituted an abuse of discretion. We accordingly vacate the judgment and sentence and remand for a new trial.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.