OVERTON, Justice,
dissenting.
Although I concur with that part of the majority opinion which reaffirms our decision in Potts, I strongly dissent from that *146 portion of the opinion which expressly approves the refusal of the district court to address petitioner’s claim of ineffective assistance of counsel at trial. That issue was directly ruled on by the trial court during the course of the trial when petitioner’s motion for mistrial was denied. In my view the majority opinion illogically requires the trial court to reconsider an issue which it has already passed on. The petitioner has been denied her right to a direct appeal from the denial of her motion for mistrial, and her claim of ineffective assistance of counsel has been relegated to a collateral attack proceeding even though it was expressly ruled on by the trial court and made an issue for appeal. The principle established in this case will result in multiple criminal proceedings, causing delays in the process and substantial additional costs and expenses to the State of Florida.
It is necessary to briefly set forth the material facts in this case to fully understand the serious administrative problem caused by the majority opinion. The record in this case reflects that defense counsel, in the middle of the second week of trial, moved for a mistrial, stating to the court that he had had health problems through the summer prior to trial and that “there were things I should have done in Dawn’s case that I didn’t, and I didn’t do them.” He stated that he had failed to properly prepare for the case and that there was lack of communication between himself and his client. Further, a young lawyer who was associated with him for the trial of the case expressed to the judge his concern for how the case was handled; he stated that the case disturbed him to the extent that he had discussed it with two other attorneys during the weekend recess and they had agreed that under the circumstances the petitioner’s counsel was ineffective and a motion for mistrial would be' appropriate. The specific examples given of ineffective counsel were the failure to make motions, the improper assertion of the insanity defense, and the failure to properly investigate the case.
The trial court made express findings and stated:
You know it is an unusual situation if you should take this, if you take this to the ultimate, any time anyone was charged with any kind of offense, all they would have to do to negate the State’s ability to successfully try them would be to get an attorney and have him screw up the case and halfway through it move for a mistrial.
I don’t think the law contemplates that a trial should be defeated in that fashion, and I have not, again I have not heard anything from either one of you, except some displeasure one with the other, that there was anything — the only thing that I have heard that, apparently, you have not done is listen to the tape, and, apparently, there was something in the transcription that was a little different. I haven’t read the transcription, I don’t know what the distinction is. But I don’t know that the difference is going to make any substantial difference in the way that you prepared the defense.
Obviously, you filed a motion: not guilty by reason of insanity, and it could not be sustained through the testimony. I am sure that it is not the first time that that has happened. That’s tried often. So I don’t see anything disastrous about that.
The Court had no alternative but to strike the defense because there was no testimony to support it.
I am not inclined at this point to abort the trial. I am not going to grant your motion for mistrial.
Petitioner raised and briefed the issue of the denial of the mistrial motion on appeal to the district court. The state refused to address the issue on the merits and moved to strike the issue. The state’s motion to strike was granted by the district court. The majority recognizes that we could take jurisdiction of the issue but declines to do so without prejudice to the petitioner representing the issue in a Rule 3.850 motion.
I find that the district court erroneously struck the issue of the denial of a motion *147 for mistrial relating to the ineffective assistance of counsel. Clearly, in my opinion, it was constitutionally required to address the issue on the merits. This issue was raised at trial and was ruled on by the trial judge. I would consider the issue on its merits and dispose of it at this time since the matter was ruled on by the trial court and has been argued on the merits in the briefs before this Court.
The purpose of a Rule 8.850 proceeding is to provide an expeditious remedy for attacking a judgment or a sentence imposed in violation of the constitution and laws of the United States or of the State of Florida. It clearly was not intended to provide an additional proceeding for an issue which was presented to the trial court and properly raised on appeal. In this case we are setting a bad precedent by encouraging multiple judicial proceedings which are not required.
In my view, upon the first indication or knowledge by the trial judge that there is ineffective assistance of counsel, he should immediately address the issue, take testimony if necessary, and resolve it. To leave the issue open for further proceedings only creates unnecessary work for prosecutors, defense counsel, and the judiciary.
The trial judge in this instance expressed concern that to grant a mistrial for ineffective assistance of counsel would set a dangerous precedent, opening the door for this issue to be used in a tactical manner in criminal trials. I disagree with the trial judge’s concern. Although a defendant may be entitled to a mistrial because his counsel was dilatory and unprepared, that does not mean that there is no recourse to avoid the improper use of our criminal justice process. Counsel guilty of such conduct would be subject to sanctions which could include counsel personally paying the costs and expenses of the trial up to the time of the mistrial, in addition to counsel being subject to appropriate disciplinary proceedings. I reject the view asserted by the attorney general that trial counsel is neither legally nor ethically competent to raise his own ineffectiveness before the trial judge. In Valle v. State, 394 So.2d 1004 (Fla.1981), we recognized that it was a proper issue to be brought up by trial counsel where the failure to prepare was brought about by the speed in which the case was brought to trial and not by trial counsel’s dilatory action. In this case, counsel’s alleged ineffectiveness was argued to have been caused, at least in part, by defense counsel’s physical condition. In both instances counsel was unprepared.
I would find that on this record the trial judge should have taken more time to have a hearing on the issue. The contentions of counsel are basically unrefuted and, therefore, on this record, I must find that a mistrial should have been granted. I also would find, however, that the conduct of petitioner’s counsel justified sanctions in the amount of the cost of the proceedings up to the time of the, motion for mistrial. In addition, I would direct that the record in this cause be referred to the appropriate grievance committee for possible disciplinary action.
For the reasons expressed, I would reverse and remand for a new trial.