ANDREWS, ROBERT LANCE, Associate Judge.
This is an appeal from a conviction of attempted first degree murder and a sentence of thirty years.
The facts surrounding the stabbing of the victim involve a web of alleged or actual homosexual relationships or of promises of such relationships at the Glades Correction Institute. There is no dispute that appellant stabbed the victim, as counsel stipulated to that fact.
In order to understand the holding of this case, one must first know the appellant’s past history. Appellant, Alexander West-brook, is not one of society’s greatest treasures, and it may well be that the appellant should spend the rest of his natural life segregated from the world, for its protection.
The appellant’s father committed suicide, his mother allegedly followed his father sometime later in the same act and appellant had, on at least one occasion, attempted suicide himself. The evaluation of the appellant at Avon Park Correctional Institute reflected that the appellant talked with his deceased father and requested that his deceased mother be placed on his visiting list.
At least one of the court-appointed psychologists, Doctor J. Patrick Peterson, in a letter to defense counsel, dated May 25, 1982, indicated:
*1040 Dear Miss Walker, this is to confirm the details of my involvement in the above referenced case, as discussed with you by telephone earlier this date.
As I stated to you, I will be able to visit the Palm Beach County Jail and evaluate the defendant on the morning of Thursday, May 27th, and I will be able to provide you some preliminary oral feedback regarding the evaluation by telephone the next day. However, it will not be possible for a written report containing my final conclusion to be prepared and delivered in time for a June 1 trial date, especially in consideration of the intervening legal holiday.
Furthermore, inasmuch as this defendant is known to have been previously incarcerated/hospitalized in various facilities and institutions throughout the State of Florida, it is my professional opinion that no definite statement regarding his prevailing mental state at any particular point in time can be offered in the absence of complete medical records regarding these earlier episodes.
As I also indicated to you, I am presently awaiting the Court Order by which I will be authorized to evaluate the defendant at the jail and also by which the Court will authorize payment of the professional fees involved by Palm Beach County. Once having received this authorization, I will proceed as described. Yours, J. Patrick Peterson, Ph.D.[1]
At one point, the trial judge himself was concerned about the eagerness of the State to proceed to trial and expressed the following:
THE COURT: Well, you know, we have been through this for six or seven days now, Mr. Barlow. I am really torn and concerned about the State’s eagerness to go to trial. She has a record here replete with her concerns and it looks like it’s a lot more than just delaying — [emphasis added].
Appellant’s trial began on June 4, 1982; the rest is history. Verdict was returned by the jury on June 4, 1982, and the cause proceeded immediately to sentencing.
The merits of appellant’s claim of insanity are not an issue in this appeal. The issue is one of lack of opportunity to inquire into appellant’s background and of sufficient preparation time.
The State argues that the conviction and sentence should stand inasmuch as there was no unseemly rush to judgment. We reject the State’s contentions. The transcript of the hearings demonstrates an atmosphere of intentional speed and disregard for even the most fundamental concepts of due process.
Once again, it is necessary to point to the basic premise set out in Valle v. State, 394 So.2d 1004 (Fla.1981):
“Justice requires, and it is the universal rule, observed in all courts of this country, it is most sincerely to be hoped, that reasonable time is afforded to all persons accused of crime in which to prepare for their defense. A judicial trial becomes a farce, a mere burlesque, and in serious cases a most gruesome one at that, when a person is hurried into a trial upon an indictment charging him with a high crime, without permitting him the privilege of examining the charge and time for preparing his defense. It is unnecessary to dwell upon the seriousness of such an error; it strikes at the root and base of constitutional liberties; it makes for a deprivation of liberty or life without due process of law; it destroys confidence in the institutions of free America and brings our very government into disrepute.”
Id. at 1007 (quoting Coker v. State, 82 Fla. 5, 7, 89 So. 222, 222 (1921)).
We conclude that in the atmosphere that existed before the trial court, this cause was expedited in such a manner that it denied appellant his basic rights to a fair trial and that the action of the trial judge constituted an abuse of discretion.
REVERSED AND REMANDED FOR NEW TRIAL.
*1041 HERSEY, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.

. Reproduced as transcribed by court reporter, with emphasis added.