502 So.2d 1225 (1987)
Manuel VALLE, Appellant,
v.
STATE of Florida, Appellee.
No. 61176.
Supreme Court of Florida.
January 5, 1987.
Rehearing Denied March 19, 1987.
Michael Zelman, Miami, for appellant.
Jim Smith, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
We recently affirmed appellant's conviction for first-degree murder and sentence of death. Valle v. State, 474 So.2d 796 (Fla. 1985). In Valle v. Florida, ___ U.S. ___, 106 S.Ct. 1943, 90 L.Ed.2d 353 (1986), the United States Supreme Court granted certiorari, vacated the sentence of death, and remanded the cause to this Court for further consideration in light of Skipper v. South Carolina, ___ U.S. ___ 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986). For the reasons expressed below, we remand for resentencing.
Skipper introduced, as mitigating evidence, the testimony of himself, his former wife, and his mother in proof of his good conduct while in jail awaiting trial. As additional proof of his adjustment to prison life, Skipper proffered the testimony of two jailers and a regular visitor, which testimony was excluded by the trial court as irrelevant and inadmissible. The United States Supreme Court held that the exclusion of this testimony violated the precepts of Eddings *1226 v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), which mandate that "the sentencer ... not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record," and that "the sentencer may not refuse to consider or be precluded from considering `any relevant mitigating evidence,'" 106 S.Ct. at 1670-71, quoting Eddings, 455 U.S. at 110, 114, 102 S.Ct. at 874, 876. In reaching this conclusion, the Court rejected the state's argument that the excluded testimony was cumulative, finding that the jailers and the visitor were disinterested witnesses whose testimony would be given greater weight by the jury.
A rehabilitation officer testified in the instant case that Valle had been a model prisoner and was rehabilitated during his prior imprisonment. The trial court excluded the expert testimony of a clinical psychologist and two corrections consultants which was proffered in proof of Valle's claim that, if given a sentence of life imprisonment rather than death, he would be a model prisoner. The United States Supreme Court in Skipper found that evidence of probable future conduct in prison is relevant mitigating evidence.
[E]vidence that the defendant would not pose a danger if spared (but incarcerated) must be considered potentially mitigating. Under Eddings, such evidence may not be excluded from the sentencer's consideration.
... .
[A] defendant's disposition to make a well-behaved and peaceful adjustment to life in prison is itself an aspect of his character that is by its nature relevant to the sentencing determination.
106 U.S. at 1671, 1672 (footnotes omitted).
When we first considered this matter, 474 So.2d at 804, we found that this proffered "model prisoner" testimony was cumulative and properly excluded. We are not persuaded that the excluded testimony of these experts differed in quality and substance from that of the rehabilitation officer. The expert testimony was proffered in proof of the probability that Valle would be a model prisoner in the future. It cannot be said that this evidence was cumulative in light of the rehabilitation officer's testimony that he could only vouch for Valle's behavior while previously imprisoned and that he had no opinion as to Valle's ability to adjust, in the future, to prison life.
Although Skipper requires only that we remand to the "sentencer" for consideration of all relevant mitigating evidence, we remand for a new jury recommendation as well. The jury's recommended sentence is given great weight under our bifurcated death penalty system. It is the jury's task to weigh the aggravating and mitigating evidence in arriving at a recommended sentence. Where relevant mitigating evidence is excluded from this balancing process, the scale is more likely to tip in favor of a recommended sentence of death. Since the sentencer must comply with a stricter standard when imposing a death sentence over a jury recommendation of life,[*] a defendant must be allowed to present all relevant mitigating evidence to the jury in his efforts to secure such a recommendation. Therefore, unless it is clear beyond a reasonable doubt that the erroneous exclusion of evidence did not affect the jury's recommendation of death, the defendant is entitled to a new jury recommendation on resentencing. Since we cannot say beyond a reasonable doubt that the exclusion did not affect that recommendation, we remand for a new sentencing hearing with a new jury panel.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents with opinion.
*1227 ADKINS, Justice, dissenting.
I dissent. I am convinced that the recent United States Supreme Court decision of Skipper v. South Carolina, ___ U.S. ___, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), does not require us to order a resentencing hearing for Valle.
The facts involved in Skipper and the instant case are easily distinguishable, and the language in Skipper indicates that those factual distinctions are controlling and warrant different results.
In Skipper, petitioner and his former wife both testified that petitioner had conducted himself well while in jail awaiting trial. The reversible error occurred when the trial court excluded the testimony of two jailers and one jail visitor who were going to testify that petitioner had "made a good adjustment" during his stay in jail. 106 S.Ct. at 1670. The Court rejected the state's argument that the excluded testimony was merely cumulative and its exclusion harmless in light of the testimony of the petitioner and his former wife. The Court rejected the cumulative evidence/harmless error argument "on the facts before us." 106 S.Ct. at 1673 (emphasis supplied). It went on to explain that the error was not harmless because the testimony of three disinterested witnesses would have a far greater impact on the jury than the self-serving testimony of the petitioner. Id.
Unlike in Skipper, Valle presented at trial the testimony of a disinterested witness who testified about his behavior as an inmate. As we noted upon direct appeal, "Eurvie Wright, special administrator of the Dade County Corrections and Rehabilitation Department, was a bureau supervisor of the Dade County Stockade in 1975 when appellant was an inmate there. Wright, who was a rehabilitation officer, testified that during the time appellant was in prison, he was a model prisoner and was rehabilitated." 474 So.2d at 804. Thus, unlike in Skipper, competent "model prisoner" testimony was presented from a disinterested stockade supervisor, as opposed to the self-serving testimony of the defendant referred to in Skipper. Indeed, the Court in Skipper emphasized the great weight and credibility that such a jailer's testimony would likely carry. 106 S.Ct. at 1673. Thus, the sentencing judge and jury were presented with mitigating evidence indicating that Valle would not pose a danger in prison if spared.
The majority holds, contrary to our prior holding in Valle v. State, 474 So.2d 796, 804 (Fla. 1985), that the excluded testimony was not cumulative because it was proffered to prove that Valle would be a model prisoner in the future whereas the admitted testimony referred to Valle's past conduct in prison. Skipper does not require us to reverse our prior finding that the proffered testimony was cumulative and therefore properly excluded.
In Skipper, the United States Supreme Court recognized that testimony of a defendant's past conduct in prison pertains to the defendant's probable future behavior if sentenced to life imprisonment. 106 S.Ct. at 1671. In fact, the improperly excluded testimony deemed relevant to Skipper's likely future conduct in prison spoke only of Skipper's behavior in jail awaiting trial. Further, the Court found that any distinction between testimony regarding the probability that a defendant would be a model prisoner in the future and testimony pertaining to a defendant's behavior while previously imprisoned was "elusive." 106 S.Ct. at 1672.
Skipper does not mandate a resentencing hearing for Valle. Unlike Skipper, Valle has already presented the sentencing judge and jury with "model prisoner" testimony from a disinterested witness.
NOTES
[*] "In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting death should be so clear and convincing that virtually no reasonable person could differ." Tedder v. State, 322 So.2d 908, 910 (Fla. 1975).