778 So.2d 960 (2001)
Manuel VALLE, Appellant,
v.
STATE of Florida, Appellee.
No. SC94754.
Supreme Court of Florida.
January 18, 2001.
Rehearing Denied March 12, 2001.
*961 Todd G. Scher, Litigation Director, and Suzanne D. Myers, Staff Attorney, Office of the Capital Collateral Regional CounselSouth, Fort Lauderdale, FL, for Appellant.
Robert A. Butterworth, Attorney General, and Fariba N. Komeily, Assistant Attorney General, Miami, FL, for Appellee.
PER CURIAM.
Manuel Valle appeals the trial court's denial of postconviction relief after an evidentiary hearing. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons stated below, we affirm the trial court's order denying Valle postconviction relief.
This Court recited the procedural history of this case in Valle's appeal from the trial court's summary denial of his first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850:
Valle was convicted of first-degree murder, attempted murder, and possession of a firearm, and was sentenced to death for the murder charge.[[1]] Valle v. State, 394 So.2d 1004 (Fla.1981). On direct *962 appeal, this Court reversed the convictions and sentences and remanded for a new trial. Id. On retrial in 1981, Valle was again convicted on those three counts and again sentenced to death. The convictions and sentences were affirmed by this Court in Valle v. State, 474 So.2d 796 (Fla.1985). The United States Supreme Court subsequently vacated Valle's death sentence and remanded the case to this Court for further consideration in light of Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), regarding the admissibility of model prisoner testimony. Valle v. Florida, 476 U.S. 1102, 106 S.Ct. 1943, 90 L.Ed.2d 353 (1986). We remanded for a new sentencing hearing before a new jury.[[2]] On resentencing, the jury recommended death by a vote of eight to four. The trial court, Judge Norman Gerstein presiding, imposed the death sentence, finding five aggravating factors (three were merged) and no mitigating evidence.[[3]]
Valle v. State, 705 So.2d 1331, 1332-33 (Fla.1997) (citation omitted).
After this Court affirmed Valle's death sentence in 1991,[4] Valle filed his first rule 3.850 motion for postconviction relief, *963 which the trial court summarily denied without prejudice to file a legally sufficient motion. See id. at 1332. Valle then filed his second postconviction motion, raising twenty claims. See id. Following a Huff[5] hearing, the trial judge denied the second postconviction motion without an evidentiary hearing. See id. at 1336.
On appeal to this Court, Valle argued that he was entitled to an evidentiary hearing and claimed that his resentencing counsel was ineffective based on the following acts or omissions: (1) failing to move for disqualification of the resentencing trial judge based upon allegations that the judge had kissed the victim's widow and fraternized with friends of the victim in full view of the jury; (2) unreasonably introducing evidence of Valle's prison behavior, referred to as Skipper[6] evidence; (3) failing to move for disqualification of the trial judge based on alleged ex parte communications with the State; (4) failing to call as witnesses Valle's mother and former wife; (5) failing to properly object to and preserve for appeal the State's peremptory challenges at voir dire for racial discrimination; and (6) failing to prevent the State from filling the courtroom with an "overwhelming presence" of uniformed police officers for the purpose of intimidating the jury and judge. See id. at 1333-35. Moreover, Valle claimed that the trial court erred by not requiring the Dade County State Attorney's Office to comply with section 119.07(2)(a), Florida Statutes (1999), which mandates that an agency list the basis for a claimed public records exemption. See Valle, 705 So.2d at 1335. Finally, Valle asserted that the trial court erred by refusing to grant Valle leave to pursue public records claims against several state agencies under chapter 119, Florida Statutes (1999), and to thereafter amend his motion. See id.
This Court affirmed the summary denial of all but two of Valle's claims:[7] ineffective assistance as to the failure to move for disqualification of the trial judge and ineffective assistance regarding the introduction of the Skipper evidence.[8]See id. at 1336. Accordingly, this Court remanded *964 for an evidentiary hearing on these two claims. See id.
On remand, the trial court held an evidentiary hearing. Because Valle voluntarily waived his claim pertaining to the allegations concerning the resentencing judge's conduct, the trial court considered only Valle's claim concerning ineffective assistance of trial counsel for unreasonably presenting Skipper evidence, which led to the State's introduction of prejudicial rebuttal evidence. The trial court ultimately denied Valle's claim.
In the present case, Valle raises two issues on appeal from the trial court's denial of postconviction relief. First, Valle claims the trial court erred in adopting almost verbatim the State's proposed order denying 3.850 relief, in violation of Valle's due process rights. Second, Valle asserts that the record demonstrates ineffective assistance at his resentencing due to defense counsel's presentation of Skipper evidence. We address each of these issues in turn.

ADOPTION OF THE STATE'S PROPOSED ORDER
Following the conclusion of the evidentiary hearing, the trial court requested and received proposed orders from both the State and Valle. On receipt of the State's order, Valle immediately filed written objections not only to the content of the order, but also to the propriety of accepting proposed orders generally. The day after receiving Valle's objections, the court entered an order denying relief. Valle claims that the trial court violated his due process rights by the wholesale adoption of the State's proposed order denying postconviction relief. Valle asserts that although the trial court emphasized that it would write its own order, the court's order was almost identical to the State's proposed order.
This Court has rejected similar due process challenges based solely on the fact that the trial court adopted the State's proposed order where that order was supported by the testimony at the evidentiary hearing. See Patton v. State, 25 Fla. L. Weekly S749, S750-51, ___ So.2d ___, ___ - ___, 2000 WL 1424526 (Fla. Sept. 28, 2000); Hardwick v. Dugger, 648 So.2d 100, 104 (Fla.1994); Groover v. State, 640 So.2d 1077, 1078-79 (Fla.1994).[9] On the other hand, we have found a due process *965 violation to exist when the defendant was not served with a copy of the State's proposed order or given an opportunity to file objections. See Huff v. State, 622 So.2d 982, 983 (Fla.1993); Rose v. State, 601 So.2d 1181, 1182 (Fla.1992).
In contrast to Rose and Huff, in this case the defense had the opportunity to present its own proposed order and to file objections to the State's proposed order. In addition, although the differences were not substantial, it does appear that the trial court made changes to the trial court's order, thus revealing that the trial court reviewed both orders and did not simply "rubber-stamp" the State's order. Most importantly, however, we find that the trial court's final order is supported by the testimony presented at the evidentiary hearing. See Patton, 25 Fla. L. Weekly at S750, at ___. Accordingly, we find no due process violation and no reversible error in this case as a result of the trial court's adoption of a substantial portion of the State's proposed order.[10]See generally Glock v. Moore, 776 So.2d 243, 249 (Fla. 2001).

INEFFECTIVE ASSISTANCE OF COUNSEL
We next address Valle's claim that his counsel was ineffective for introducing "model prisoner" evidence pursuant to Skipper, which resulted in the State's introduction of prejudicial rebuttal evidence concerning Valle's misconduct in prison between 1981 and 1988. Valle asserts that his counsel introduced model prisoner evidence because they believed they were legally required to under this Court's remand, rather than as a matter of strategy. At the conclusion of the evidentiary hearing, however, the trial court ruled that Valle failed to establish ineffective assistance of counsel because he demonstrated neither deficient conduct nor prejudice as required under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In order to establish a claim of ineffective assistance of counsel, a defendant must prove two elements:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Rutherford v. State, 727 So.2d 216, 219-20 (Fla.1998).
In evaluating whether an attorney's conduct is deficient, "there is `a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,'" and the defendant "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Brown v. State, 755 So.2d 616, 628 (Fla.2000) (quoting Strickland, 466 U.S. at 688-89, 104 S.Ct. 2052). This Court has held that defense counsel's strategic choices do not constitute deficient conduct if alternative courses of action have been considered and rejected. See Shere v. State, 742 So.2d 215, 220 (Fla. 1999). Moreover, "[t]o establish prejudice [a defendant] `must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of *966 the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1511-12, 146 L.Ed.2d 389 (2000) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052); see Rutherford, 727 So.2d at 220.
In analyzing a claim for ineffective assistance of counsel, this Court must afford deference to the trial court's factual findings, utilizing a "competent substantial evidence" standard. Stephens v. State, 748 So.2d 1028, 1031 (Fla.1999). However, because ineffective assistance of counsel claims are mixed questions of fact and law, while affording deference to the trial court's factual findings, this Court must perform an independent review of both the deficiency and prejudice prongs under Strickland. See id. at 1031-32.
In its order denying Valle's motion for postconviction relief, the trial court summarized the evidence presented at the evidentiary hearing by three of the four attorneys who represented Valle. The court then concluded that: (1) the defense recognized that if they had presented substantially the same evidence that they had presented in the 1981 retrial, the result of the 1988 resentencing would have been the same; i.e., Valle would have been sentenced to death; and (2) the record "clearly demonstrates a recognition by [defense counsel] that he well and fully knew that he did not have to put on the same evidence at the resentencing hearing that was excluded at the prior hearing in 1981." As the trial court explained:
The Court concludes that the evidence demonstrated that defense counsel, despite their claim to the contrary, did not believe that they were required by the mandate of the Florida Supreme Court to introduce evidence that the defendant was, and in the future, would be a model prisoner. Rather, it is clear, that these experienced attorneys believed that without additional mitigating evidence, substantially different from that introduced in 1981, the result of the sentencing proceeding would be the same. To that end, they decided not to introduce past model prisoner testimony or future model prisoner testimony, but rather modified it to present nonviolent prisoner testimony, which they believed would preclude the rebuttal evidence of the defendant's bad acts in prison; a belief which continued through the appeal of the defendant's third death sentence. Such actions are reasonable and clearly not deficient under the standards of Strickland v. Washington, supra.

After a thorough review of the testimony at the evidentiary hearing, we agree with the trial court that defense counsel's performance at the 1988 resentencing proceeding did not fall outside the bounds of reasonable professional conduct so as to constitute deficient performance as contemplated by Strickland.
Moreover, even if we did conclude that Valle's counsel acted deficiently, we would still be compelled to affirm because we agree with the trial court that Valle cannot satisfy the prejudice prong of Strickland. As the trial court stated in pertinent part:
It is clear that, as recognized by Mr. Zelman prior to trial, without any new mitigating evidence being presented to a jury, the result at the resentencing would be the same as in 1981. In 1981, the substantially identical testimony concerning the mitigating factors related to the defendant's background and mental state were presented to the jury. In addition, in 1981, there was testimony, without any rebuttal, that the defendant had been a model prisoner at the Stockade. However, despite that testimony, the jury recommended death by a vote of 9 to 3. In 1988, even with the nonviolent prisoner testimony and its rebuttal, the jury recommended death, this time with a vote of 8 to 4. Thus, the Court finds that if the defense had not put on the nonviolent prisoner testimony, there *967 is no reasonable probability that the outcome would have been different. This Court reaches this conclusion based on the entire record not necessarily because of the above-stated vote.
The trial court in its 1988 sentencing order, found no statutory mitigating circumstances, and gave little weight to the nonstatutory mitigating circumstances. They could not have reasonably outweighed the three very powerful aggravating circumstances involved in this killing of a police officer, which was done in cold, calculated, and premeditated manner, for the purpose of avoiding arrest, and at the same time, attempting to commit first degree murder of another police officer. As such, any deficiency by counsel was clearly not prejudicial under the dictates of Strickland v. Washington, supra.

We agree with the trial court and conclude that any error in presenting the penalty phase evidence did not deprive Valle of a "fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052; see Rutherford, 727 So.2d at 219. In sum, our confidence in the outcome of the resentencing phase proceedings was not undermined as a result of counsel's performance. See Williams, 120 S.Ct. at 1512; Rutherford, 727 So.2d at 219.
Accordingly, we affirm the denial of postconviction relief.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In Valle's described the specific details of the crime:

On April 2, 1978, Officer Louis Pena of the Coral Gables Police Department was on patrol when he stopped appellant and a companion for a traffic violation. The events that followed were witnessed by Officer Gary Spell, also of the Coral Gables Police Department. Officer Spell testified that when he arrived on the scene, appellant was sitting in the patrol car with Officer Pena. Shortly thereafter, Spell heard Pena use his radio to run a license check on the car appellant was driving. According to Spell, appellant then walked back to his car and reached into it, approached Officer Pena and fired a single shot at him, which resulted in his death. Appellant also fired two shots at Spell and then fled. He was picked up two days later in Deerfield Beach. Following his jury trial, appellant was also found guilty of first-degree murder of Spell and after a non-jury trial, he was found guilty of possession of a firearm by a convicted felon.
Valle v. State, 581 So.2d 40, 43 (Fla.1991) (quoting Valle v. State, 474 So.2d 796, 798 (Fla.1985)).
[2] At Valle's 1981 retrial, "[a] rehabilitation officer testified that Valle had been a model prisoner and was rehabilitated during his prior imprisonment." Valle v. State, 502 So.2d 1225, 1226 (Fla.1987). The trial court excluded the expert testimony of a clinical psychologist and two corrections consultants that Valle proffered to prove that, if given a sentence of life imprisonment rather than death, he would be a model prisoner. See id. This Court held that the excluded expert testimony differed in "quality and substance" from that of the rehabilitation officer, and therefore was not cumulative. Id. Instead, the excluded testimony concerned proof that Valle would be a model prisoner in the future, while the rehabilitation officer only testified as to Valle's prior prison behavior. See id.
[3] The aggravating factors were: (1) prior violent felony; (2) avoiding a lawful arrest; (3) murder committed to disrupt or hinder the lawful exercise of any governmental function or enforcement of laws; (4) murder committed in a cold, calculated, and premeditated manner without pretense of moral or legal justification; (5) victim was a law enforcement officer engaged in the performance of official duties. The trial court merged factors (2), (3), and (5). The court found no evidence of statutory mitigation and concluded that either the evidence did not establish nonstatutory mitigation or the nonstatutory mitigation was outweighed by the aggravating factors. See Valle v. State, 705 So.2d 1331, 1333 n. 1 (Fla.1997).
[4] Pertinent to the instant ineffective assistance of counsel claim, in the 1988 resentencing, Valle introduced the testimony of expert witnesses who stated that Valle would be a good prisoner if given a life sentence. See Valle v. State, 581 So.2d 40, 46 (Fla. 1991). This Court held that it was not improper for the State to cross-examine these experts as to Valle's prison behavior by questioning them about specific incidents in prison for which he had not been convicted. See id. This Court noted that the expert witnesses had formed their opinions from Valle's prison records, including reports of the incidents explored on the State's cross-examination. See id. Moreover, the Court explained that because Valle's experts relied on Valle's criminal records as a basis for their opinions, including the transcript from the probation revocation hearing concerning an incident where Valle attempted to run over a police office, cross-examination on information contained within these records was proper. See id. Finally, this Court ruled that it was not improper for the State to cross-examine a defense witness about his opinion concerning Valle's future prison behavior if, "hypothetically, he were eligible for parole in fifteen years." Id. This Court explained that because the witness had testified that "lifers" always make good prisoners because the prison will always be their home, the State could cross-examine the witness to determine whether his opinion would change given the possibility of parole eligibility. Valle, 581 So.2d at 46.
[5] Huff v. State, 622 So.2d 982 (Fla.1993).
[6] Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986).
[7] This Court rejected Valle's third contention that resentencing counsel was ineffective for failing to move for disqualification of the trial judge based upon alleged ex parte communications with the State, ruling that the allegation was insufficient as a matter of law. See id. at 1334. The Court also rejected Valle's fourth contention regarding ineffective assistance in failing to call as witnesses Valle's mother and former wife, finding that their testimony would have been cumulative. See id. Moreover, the Court rejected Valle's fifth claim regarding ineffective assistance in failing to properly object to and preserve for appeal the State's peremptory challenges at voir dire for racial discrimination, ruling that there was "no reasonable probability Valle could prove the challenge had been made in a discriminatory manner." Id. at 1335. The Court also found that the record conclusively refuted Valle's sixth contention regarding ineffective assistance in failing to object to the State filling the courtroom with uniformed police officers, because Valle's counsel filed a pretrial motion to prevent the attendance of uniformed police officers. See id. Further, the Court found that the record refuted Valle's contentions regarding the State's noncompliance with section 119.07(2)(a). See id. Finally, the Court held that Valle's claims concerning the trial court's refusal to pursue public record claims were either moot or without merit. See id.
[8] This Court also found the following claims procedurally barred: (1) the resentencing court improperly denied Valle's petition for a writ of error coram nobis; (2) the instruction on the cold, calculated, and premeditated aggravating factor was unconstitutionally vague and overbroad; (3) the trial court erred in failing to instruct the jury on merger of aggravating circumstances; (4) Florida's death penalty statute is vague and overbroad; (5) the penalty phase jury instructions improperly shifted the burden to Valle; (6) counsel was ineffective for failing to object to alleged prosecutorial misconduct and presentment of uncharged collateral crimes; and (7) the trial court erred in finding no mitigating circumstances. See id. at 1335-36.
[9] As we recently noted in Patton, a distinction exists between the adoption of proposed orders after a postconviction evidentiary hearing and the adoption of proposed sentencing orders, which are governed by section 921.141, Florida Statutes (1999), and require the trial court to determine independently specific aggravating and mitigating circumstances that applied in the case. Patton, 25 Fla. L. Weekly at S751, at ___; see Patterson v. State, 513 So.2d 1257, 1262 (Fla.1987). In the sentencing context, this Court has held that the trial court may not request that the parties submit proposed orders and adopt one of the proposals verbatim without a showing that the trial court independently weighed the aggravating and mitigating circumstances. See Spencer v. State, 615 So.2d 688, 690-91 (Fla.1993); Patterson, 513 So.2d at 1262; Nibert v. State, 508 So.2d 1, 3-4 (Fla.1987). The reason for this limitation is that because the evaluation of the aggravating and mitigating factors is the basis for the imposition of a sentence of life or death, "[t]he sentencing order must be sufficiently detailed to allow this Court to perform its proportionality review, the review which may ultimately determine whether a person lives or dies." Patton, 25 Fla. L. Weekly at S751, at ___. By contrast, a defendant brings a motion for postconviction relief after this Court has affirmed the judgment and sentence and it is presumed correct. See id. Moreover, this Court has stated that the trial court's failure to prepare its own findings in support of the death penalty does not constitute reversible error "so long as the record reflects that the trial judge made the requisite findings at the sentencing hearing." Patterson, 513 So.2d at 1262; Nibert, 508 So.2d at 4. Thus, the instant case is distinguishable from Patterson and its progeny in that Valle challenges the submission of proposed findings in a hearing denying postconviction relief, a procedure not governed by section 921.141.
[10] As we stated in Patton, we once again reiterate that this holding "is limited to these specific facts and would caution trial courts that the more prudent approach is for courts to draft their own orders." Patton, 25 Fla. L. Weekly at S753 n. 5, at ___ n. 5.