837 So.2d 905 (2002)
Manuel VALLE, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. SC01-2865.
Supreme Court of Florida.
August 29, 2002.
Rehearing Denied November 12, 2002.
*906 Todd G. Scher, Litigation Director, Office of the Capital Collateral Regional Counsel-South, Fort Lauderdale, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Assistant Attorney General, Miami, FL, for Respondent.
PER CURIAM.
Manuel Valle, a prisoner under sentence of death, petitions this Court for writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. For the reasons that follow, we deny the petition.

BACKGROUND
Valle was convicted and sentenced to death for the April 2, 1978, murder of police officer Louis Pena. See Valle v. State, 394 So.2d 1004, 1005 (Fla.1981). The facts of this crime are provided in detail in the case on direct appeal of Valle's retrial. See Valle v. State, 474 So.2d 796, 798 (Fla.1985).[1] On appeal, this Court reversed the conviction and sentence, concluding that the trial court abused its discretion in forcing Valle to go to trial on short notice. See Valle, 394 So.2d at 1005. On retrial, Valle again was found guilty as charged on all counts, and the jury recommended a death sentence by a vote of nine to three. The trial court imposed the death penalty and this Court affirmed the conviction and sentence on direct appeal. See Valle, 474 So.2d at 798.
Valle then sought certiorari review in the United States Supreme Court, contending that the exclusion of rehabilitative character evidence that Valle would be a model prisoner if incarcerated for life and not executed violated the Eighth Amendment. *907 The Court accepted review, vacated this Court's decision, and remanded for reconsideration in light of Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986). See Valle v. Florida, 476 U.S. 1102, 106 S.Ct. 1943, 90 L.Ed.2d 353 (1986). On remand, this Court vacated Valle's death sentence because of the exclusion of model prisoner evidence. See Valle v. State, 502 So.2d 1225, 1226 (Fla. 1987).
In Valle's third sentencing in 1988, the jury recommended the death penalty by a vote of eight to four. The trial court imposed the death penalty, finding five aggravating circumstances,[2] and no mitigating circumstances. This Court affirmed Valle's death sentence. See Valle v. State, 581 So.2d 40, 49 (Fla.1991).
On December 2, 1993, Valle filed an amended motion for postconviction relief. After a Huff[3] hearing, the postconviction court summarily denied the motion without an evidentiary hearing. Valle appealed to this Court the summary denial of his postconviction motion. This Court reversed and remanded for an evidentiary hearing on the claim that counsel was ineffective for presenting model prisoner evidence and for failing to move for a mistrial and disqualification of the resentencing judge after the judge allegedly kissed the victim's widow in front of the jury. See Valle v. State, 705 So.2d 1331, 1333-34 (Fla. 1997).
At the beginning of the evidentiary hearing on remand, Valle withdrew his claim that counsel was ineffective for failing to move for a mistrial or disqualification. Consequently, the evidentiary hearing addressed only the claim that defense counsel was ineffective for presenting model prisoner evidence. The trial court ultimately rejected Valle's claim, concluding that he failed to prove either deficiency or prejudice. Valle appealed the denial of postconviction relief, and this Court affirmed. See Valle v. State, 778 So.2d 960, 967 (Fla.2001). Valle now files this petition for writ of habeas corpus, raising four issues.[4]

ANALYSIS
Habeas petitions are the proper vehicle to raise claims of ineffective assistance of appellate counsel. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000). The standard of review applicable to claims of ineffective assistance of appellate counsel raised in a habeas petition mirrors the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard for claims of trial counsel ineffectiveness. See Jones v. Moore, 794 So.2d 579, 586 (Fla.2001). However, appellate *908 counsel cannot be considered ineffective under this standard for failing to raise issues that were not properly raised during the trial court proceedings and do not present a question of fundamental error. See Rutherford, 774 So.2d at 643. The same is true for claims without merit because appellate counsel cannot be deemed ineffective for failing to raise nonmeritorious claims on appeal. See id. In fact, appellate counsel is not necessarily ineffective for failing to raise a claim that might have had some possibility of success; effective appellate counsel need not raise every conceivable nonfrivolous issue. See Jones v. Barnes, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (appellate counsel not required to argue all nonfrivolous issues, even at request of client); Provenzano v. Dugger, 561 So.2d 541, 549 (Fla.1990) (noting that "it is well established that counsel need not raise every nonfrivolous issue revealed by the record"). Finally, a claim that has been resolved in a previous review of the case is barred as "the law of the case." See Mills v. State, 603 So.2d 482, 486 (Fla.1992).
In Valle's first claim in his habeas petition, he asserts that appellate counsel was ineffective for failing to argue that the trial court erred in denying his motion to waive the advisory jury in his 1988 resentencing proceeding. Specifically, Valle claims that he could not present good prisoner evidence as mitigation without telling the jury that he had been on death row for ten years, and this would have unduly prejudiced the jury against Valle. Therefore, Valle maintains that the trial court should have granted his motion to waive the advisory jury, and appellate counsel was ineffective in failing to raise this claim in his direct appeal.
This Court reviews a trial court's decision regarding the waiver of an advisory jury for an abuse of discretion. See Muhammad v. State, 782 So.2d 343, 361 (Fla.2001). As we have explained, "even when a capital defendant makes a voluntary and intelligent waiver of the advisory jury's recommendation, the trial judge `may in his or her discretion either require an advisory jury recommendation, or may proceed to sentence the defendant without such advisory jury recommendation.'" Id. (quoting State v. Carr, 336 So.2d 358, 359 (Fla.1976)).
This Court rejected an argument similar to Valle's in Sireci v. State, 587 So.2d 450, 452 (Fla.1991). In Sireci, the defendant asserted that the trial court abused its discretion in refusing to waive the jury sentencing recommendation because, given the time lapse between the conviction and the resentencing proceeding, the jury necessarily would know of and be prejudiced by the prior death sentence. Id. The Court rejected the defendant's contention, explaining:
Regardless of the jury's recommendation, the trial judge must conduct an independent review of the evidence and make his or her own findings regarding the aggravating and mitigating factors. The trial judge here noted that if he found the jury was influenced by improper considerations, he had "the ability and the duty to lessen the reliance upon the jury's verdict." Even if the jury may have surmised that the defendant had been previously sentenced to death, we find no abuse of discretion in the trial court's refusal to waive an advisory jury sentencing recommendation.
Id. (citations omitted); see also Thompson v. State, 389 So.2d 197, 199 (Fla.1980) (holding that trial court did not abuse its discretion in convening an advisory jury over the objection of the defendant).
Based on this Court's decision in Sireci, we conclude that the trial court in this case did not abuse its discretion in denying *909 Valle's motion to waive the advisory jury. Consequently, we hold that appellate counsel was not ineffective in failing to raise this claim on appeal. See Rutherford, 774 So.2d at 643 (stating that failure to raise nonmeritorious claim on appeal does not render counsel ineffective).
In Valle's second claim, he asserts that the jury instruction for the cold, calculated, and premeditated ("CCP") aggravator was inadequate,[5] and appellate counsel was ineffective for failing to raise this claim on direct appeal. Because this claim was not preserved at trial by objection, appellate counsel cannot be ineffective for failing to raise this claim on appeal unless the claim constituted fundamental error. See Rutherford, 774 So.2d at 646.
We conclude that this claim does not rise to the level of fundamental error. This Court previously has upheld substantially similar CCP jury instructions. See Wike v. State, 698 So.2d 817, 821-22 (Fla. 1997) (upholding CCP instruction providing that "`premeditated' means the defendant exhibited a higher degree of premeditation than that which is normally required in a premeditated murder"). The CCP instruction in this case provided the statutory definition of the aggravator, provided the definition of premeditated murder, and further explained that for the CCP aggravator to apply "the law requires there be heightened premeditation, that is a deliberate intent to kill that is more contemplative, more methodical and more controlled than the premeditation required for a conviction of first degree murder." Therefore, we conclude that the jury instruction in this case was not unconstitutionally vague.
Moreover, even assuming the instruction was inadequate, Valle is unable to show prejudice under Strickland because this Court concluded on direct appeal that the "facts were sufficient to sustain a finding that the murder was cold, calculated, and premeditated." Valle, 581 So.2d at 48. See, e.g., Arbelaez v. State, 775 So.2d 909, 915 (Fla.2000) (explaining that even if counsel were deficient for failing to object to aggravator instructions, there would be no prejudice because evidence established that circumstance existed); Gore v. State, 706 So.2d 1328, 1334 (Fla.1997) (holding that even if CCP instruction was inadequate, the error was harmless in light of overwhelming evidence of CCP). Therefore, we deny Valle relief on this claim.
In Valle's third claim, he asserts that appellate counsel was ineffective for failing to argue on direct appeal that the State's comments during voir dire tainted the jury pool and allowed the State to obtain many for-cause excusals of potential jurors. Specifically, Valle claims that the State *910 misstated the law during voir dire when it repeatedly stated that the potential jurors had to recommend the death penalty if they found that the aggravating circumstances outweighed the mitigating circumstances. Further, Valle claims that based upon the potential jurors' responses to the State's misstatement of the law, the State was able to excuse otherwise qualified jurors for cause. Therefore, Valle contends that appellate counsel was ineffective in failing to raise this claim on direct appeal.
However, Valle did argue on direct appeal that the State's comments during voir dire misstated the law and this Court summarily denied this issue. See Valle, 581 So.2d at 49. Furthermore, Valle argued on direct appeal that the trial court erred by failing to hold an adequate inquiry into the State's peremptory challenges of black venire members. See id. at 43. Therefore, Valle's claim in this habeas petition is merely a variant of claims already decided by this Court. See Jones, 794 So.2d at 586 (concluding that issue raised in habeas was within issue on direct appeal, and that "habeas is not proper to argue a variant to an already decided issue") (citing Thompson v. State, 759 So.2d 650, 657 n. 6 (Fla. 2000)); Mann v. Moore, 794 So.2d 595, 601 (Fla.2001) (holding that claim raising same prosecutorial comments as those raised on direct appeal to assert related claim on habeas was procedurally barred). Therefore, we deny relief on this claim.
Finally, Valle asserts that appellate counsel was ineffective in failing to argue that the trial court erred in denying Valle's motion to suppress the gun that the police found in Valle's bag when he was arrested. This issue was properly preserved at trial and was not raised on appeal. This Court has explained the analysis to follow when appellate counsel fails to raise an issue that was properly preserved by objection at trial:
With regard to evidentiary objections which trial counsel made during the trial and which appellate counsel did not raise on direct appeal, this Court evaluates the prejudice or second prong of the Strickland test first. In doing so, we begin our review of the prejudice prong by examining the specific objection made by trial counsel for harmful error. A successful petition must demonstrate that the erroneous ruling prejudiced the petitioner. If we conclude that the trial court's ruling was not erroneous, then it naturally follows that habeas petitioner was not prejudiced on account of appellate counsel's failure to raise that issue. If we do conclude that the trial court's evidentiary ruling was erroneous, we then consider whether such error is harmful error. If that error was harmless, the petitioner likewise would not have been prejudiced.
Jones, 794 So.2d at 583-84.
In accordance with Jones, we evaluate the prejudice prong first and conclude that any error in admitting the gun into evidence was harmless. See Farinas v. State, 569 So.2d 425, 428 (Fla.1990). Valle provided a detailed confession of killing Officer Pena and shooting Officer Spell. Further, Officer Spell was an eyewitness to the murder and identified Valle as the killer. The authorities recovered the car that Valle was driving at the time of the murder shortly after the crimes and Valle's fingerprints were found inside the car. Valle's fingerprints also were found on the victim's car. Therefore, we conclude beyond a reasonable doubt that the admission of the gun, even if erroneous, did not affect the jury verdict. See id. Because we conclude that any error would be harmless, petitioner cannot satisfy the prejudice prong of his ineffective assistance of appellate counsel claim. Because we conclude there is no prejudice, we *911 deem it unnecessary to discuss the deficiency prong. See Strickland, 466 U.S. at 697, 104 S.Ct. 2052 ("[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one."); see also Porter v. State, 788 So.2d 917, 925 (Fla.2001) (stating that because the defendant failed to carry the burden on the prejudice component of Strickland, the Court did not reach the first component in respect to competence of counsel). We thus deny relief on this claim.
It is so ordered.
ANSTEAD, C.J., and SHAW, HARDING, PARIENTE, LEWIS, and QUINCE, JJ., concur.
WELLS, J., concurs in result only.
NOTES
[1] Valle also was convicted of attempted first-degree murder of police officer Gary Spell, and possession of a firearm by a convicted felon. See Valle, 394 So.2d at 1005. Further, Valle pled guilty to automobile theft. See id.
[2] The trial court found the following aggravators: (1) Valle previously had been convicted of another prior violent felony; (2) the murder was of a law enforcement officer; (3) the murder was for the purpose of preventing lawful arrest; (4) the murder hindered law enforcement; and (5) the murder was cold, calculated, and premeditated ("CCP"). See Valle, 581 So.2d 40, 43 (Fla.1991). The trial court merged factors 2, 3, and 4, treating them as only one aggravator. See id.
[3] Huff v. State, 622 So.2d 982 (Fla.1993).
[4] Valle raises the following issues in this petition: (1) appellate counsel was ineffective for failing to raise a claim regarding the trial court's denial of Valle's motion to waive the advisory jury; (2) appellate counsel was ineffective for failing to raise as an issue the CCP instruction, which was inadequate and unconstitutional; (3) appellate counsel was ineffective for failing to raise as an issue that the State's comments to the jury during voir dire tainted the jury pool and resulted in the State obtaining many for-cause excusals of potential jurors; and (4) appellate counsel was ineffective for failing to raise as an issue the trial court's denial of Valle's motion to suppress physical evidence.
[5] The trial court instructed the jury on the CCP aggravator as follows:

The crime for which the defendant is to be sentenced was committed in a cold, calculated and premeditated manner without any pretense of moral or legal justification.
Now, I instructed [sic] you that the defendant's conviction for first degree murder is insufficient in and of itself to require a finding that the homicide was cold, calculated and premeditated for the purposes of this aggravating circumstance.
Killing with premeditation is killing after consciously deciding to do so. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of a premeditated intent to kill and the killing.
The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing. I instruct you for this aggravating circumstance to apply, the law requires there be heightened premeditation, that is a deliberate intent to kill that is more contemplative, more methodical and more controlled than the premeditation required for a conviction of first degree murder.